Shankland, J.
 

 delivered the opinion of the court.
 

 We are left to.decide the form of the action which was instituted in the justice’s court by Scherder against Becker, from the declaration filed in that court, and the execution issued from
 
 *266
 
 the county court, to collect the costs, on the reversal of that judgment; for the arrest and imprisonment on' which execution this suit is prosecuted. That, declaration purports to contain three counts, but they are so loose and shadowy, as to form, that neither of them contains the necessary formal statement of facts and averments to constitute a good cause of action, either in
 
 tort,
 
 or on contract. Had the justice’s return to the certiorari, which was given in evidence on the trial of this cause, contained the
 
 evidence
 
 which was given to support the declaration in the justice’s court, all doubts might have been removed as to the true grounds of recovery in that court. But that evidence was not contained in the return, nor was the omission supplied on the trial at the circuit.
 

 The second count alleges “that the defendant sold to the plaintiff one other certain quantity of beef, which
 
 was impure, unwholesome, and which the defendant knew so to
 
 be.” These allegations would seem to characterize this count as one for tort, as the defendant’s guilty knowledge of the impure and unwholesome. quality of the beef is put forward as the
 
 point
 
 and
 
 gist
 
 of the complaint. No contract, consideration, or promise, is alleged, from which we can infer' that the party intended to rely on a breach of contract, as a ground of recovery.- Evidence of the sale of unwholesome beef by the defendant to the plaintiff, and of the defendant’s guilty knowledge of its evil qualities, would be admissible and legitimate; but proof of a contract of sale and warranty of the article sold, and
 
 omission
 
 of proof of the defendant’s guilty knowledge, would not be expected, and would hardly be admissible if objected to, on the ground of variance under this count.
 

 The third count more clearly developes the intent of the pleader, as to the form of his action. It alleges that the defendant, intending to produce the ruin and destruction of the plaintiff’s health, sold to him
 
 as provision,
 
 a certain quantity of beef, which was unfit for man to eat, whereby the plaintiff sustained great loss and damage.” All the elements of a good count in tort are here alleged—the evil intent, the. means used, and the damage resulting therefrom. It would be difficult to express a good cause of action, in fewer words. It is tanta
 
 *267
 
 mount to a charge of wilfully administering poison to the plaintiff.
 

 The first count is so ambiguous in itself, that by the loose rules of pleading allowable in justice’s courts, evidence of either deceit or breach of contract would be admissible in support of it. It alleges that the defendant sold to the plaintiff) one hundred and thirty-two pounds of beef, for about five dollars, which said beef was unfit for man to eat—was so unwholesome that it occasioned the said plaintiff and his family great illness, damage and^ expense. Neither a warranty of wholesomeness, or of facts from which a warranty would be implied, are alleged. For, although the law will imply a warranty of provisions sold for domestic use, and immediate consumption, yet when the party comes to declare upon such a contract, he must aver a warranty as in other actions, or set out all the facts, from which the law will raise such a contract by implication. In
 
 Moses
 
 v. Mead, (1
 
 Denio,
 
 387,) the pleader declared as upon an express warranty. But in this count, it is not alleged that the beef was sold for immediate consumption, or for domestic use, or that the defendant knew that it was desired for that purpose. We are of opinion, therefore, that the first count must have been intended to set forth a cause of action of the same nature as those contained in the second and third. It cannot be presumed, that the party contemplated a misjoinder of causes of action, and thereby subject himself to a demurrer; and to limit his recovery to the actual damage, instead of a more liberal rule of compensation; and to waive his right to enforce his judgment by imprisonment, in case of recovery.
 

 The amount of the recovery before the justice, as compared with the price of the beef purchased, in the absence of proof of actual damage, negatives the idea that the plaintiff’s recovery was upon contract. The
 
 ca. sa.
 
 which was given in evidence, as a part of the record, recites the action to have been in trespass on the case, and in this respect, corresponds with the declaration.
 

 We do not intend to question the rule laid down in
 
 Brown
 
 v.
 
 Treat,
 
 (1
 
 Hill,
 
 225,) as limited and explained by Mr. Justice Bronson, in
 
 Suydam
 
 v.
 
 Smith,
 
 (7
 
 Hill,
 
 182,) that where counts
 
 *268
 
 on contract and in tort are joined in the same declaration, and a general verdict and judgment are rendered thereon, the . plaintiff cannot enforce such judgment by imprisonment of the defendant. In a case thus situated, the plaintiff having elected to join a non-imprisonment cause of action, with one of a different character, shall be deemed to have elected to take his remedy against property alone; because the law will not allow him to prejudice the rights of the defendant, by mingling his damages. But we see no reason for applying the same rule to the case of a plaintiff who fails to recover in such an action. Although the law will allow him to elect against himself, a less beneficial remedy, he cannot thus limit the defendant’s rights. If he chooses to-combine in the same action,
 
 tort
 
 and
 
 breach of contract,
 
 and fails in both, he should be held to have conferred upon the defendant the most beneficial remedy for recovery of the costs, which either cause of action will confer, if it had constituted the sole cause.
 

 By the adoption of such a rule, we do no violence to the act in question, because the plaintiff is not, by its provisions, exempt from imprisonment, if his suit is brought for any other cause than
 
 “
 
 the recovery of money due upon a judgment or decree founded upon contract, or due upon a contract express or implied, or for the recovery of damages for the non-performance of a contract.” • Nor do we necessarily injure the plaintiffs -by this construction. If they desire to escape the perils of imprisonment, in case of defeat, they wan, and should, declare upon contract alone, and without ambiguity, so that the defendants can have the benefit of the exemption conferred by the statute upon them. Then the exemption will be mutual, both in the court where the action is originally commenced, and in any appellate comt where it may terminate, as was properly settled, by an equitable construction of the statute, in the case of
 
 Phelps
 
 v.
 
 Barton,
 
 (13
 
 Wend.
 
 68,) and cases there cited.
 

 We therefore decide that, whether the first count in the declaration be on contract, or in tort, inasmuch as it is joined in the same declaration with other counts clearly in tort, the plaintiff was subject to imprisonment on the execution, issued
 
 *269
 
 on the judgment of reversal; and that the judgment in the court below must be reversed with costs.
 

 Jewett, C. J. dissented.
 

 Judgment reversed.1