Brown agt. Brockett.

# HERKIMER COUNTY COURT.

## JACOB H. BROWN agt. LEONARD BROCKETT.

*Arrest — Complaint— Fraud or deceit— Warranty.*

A plaintiff who fails in an *action of tort,* in which the defendant was liable
to arrest, may be arrested on an execution against his person for the
costs of such action.

The complaint in an action for deceit or fraud in the purchase or sale of
property, induced or procured by false representations, must, in sub-
stance, state the representations and aver their falsity and that they
were made with intent to deceive the plaintiff and induce him to make
the purchase or trade, and that they did induce such trade to the plain-
tiff's injury.

Where the complaint averred that the defendant sold and delivered to the
plaintiff a quantity of beef at and for a price agreed upon between the
parties; that the plaintiff paid to the defendant the price agreed upon;
that at the time of such sale the defendant represented and warranted
that said beef was good, merchantable and was that of an ox; that the
said beef was not good, merchantable beef, nor was it that of an ox, but
on the contrary was that of an old bull and plaintiff verily believes was
diseased and unfit for any use at the time of such sale; that the fact
that such beef was not fit to sell or use was well known to the defendant
at the time of such sale; that the plaintiff used a small portion of said
beef in his family and was made sick by the use thereof, and that the
whole of said beef was utterly worthless; that by reason of the premises
the plaintiff was damaged, &c., &c. :

*Held,* that the complaint is clear and explicit and sets out a warranty and
claims and alleges a breach of the same and cannot be regarded, in
form and substance, as one for fraud or deceit.

*Held, further,* that plaintiff could not be imprisoned on execution against
the body for costs recovered by defendant in such action.

*October,* 1877.

THIS action was commenced in a justices' court and was
tried before the justice and a jury and a verdict given for the

plaintiff. The defendant duly appealed to the Herkimer county court and judgment of reversal, with costs, was, on the 4th day of June, 1877, entered in favor of the defendant and against the plaintiff and an execution against the property of the plaintiff was issued and returned unsatisfied. On the 26th of September, 1877, the defendant issued an execution against the body. The plaintiff was arrested on the same and confined on the limits of Herkimer county and now moves to be discharged from arrest upon the ground that it is not a case in which he could lawfully be imprisoned. The facts are stated in the opinion of the court.

*H. Clay Hull*, for motion.

*Fred. I. Small*, opposed.

AMOS H. PRESCOTT, *County Judge*. — The only question that arises in this case is as to the true construction of the complaint in the action upon which the case stands, and which is as follows:

"Plaintiff complains of defendant and shows to the court that on or about the 1st day of March, 1876, at the town of Little Falls, the defendant sold and delivered to the plaintiff a quantity of beef at and for a price then agreed upon between the parties; that the plaintiff paid to the defendant the price agreed upon for the sale of the said beef; that at the time of such sale the defendant represented and warranted that said beef was good, merchantable and was that of an ox; that the said beef was not good, merchantable beef, nor was it that of an ox, but on the contrary was that of an old bull and plaintiff verily believes was diseased and unfit for any use at the time of such sale; that the fact that such beef was not fit to sell or use was well known to the defendant at the time of such sale; that the plaintiff used a small portion of said beef in his family and was made sick by the use thereof, and that the whole of said beef was utterly worthless; that by reason of

the premises the plaintiff was damaged to the amount of twenty-five dollars, for which amount and the costs of this action he demands judgment against the defendant."

If the complaint is in an action of warranty or contract, claiming damage for a breach of the same, then the plaintiff has been improperly imprisoned and should be discharged. On the contrary, if the gist of the action is fraud then the proceedings are lawful and regular and the motion should be denied. We are of the opinion that there can be no question in regard to the character of the complaint. It is clear and explicit and sets out a warranty, and claims and alleges a breach of the same. The words "that such beef was not fit to sell or use was well known to the defendant at the time of such sale" contained in the complaint do not change any of the features of the complaint, because the warranty or contract is alleged, and the breach also, and that is the gist of the action. Whether the clause referred to is in or out of the complaint makes no difference as to the character of the action, the complaint alleges a contract and a breach of the same. There is no averment whatever in the complaint, either in form or substance, that any false representation whatever was made by the defendant whereby the plaintiff was induced to purchase the beef mentioned in the complaint, or that any representation whatever was made by defendant with any intention on his part to deceive the plaintiff or to induce him to make the purchase, or that said plaintiff was on account of any false representations induced to purchase the beef in question, or that any false representations had any thing to do with the said contract or purchase in any way whatever. In order to frame a complaint in an action of fraud or deceit the foregoing facts must be alleged in terms or substance; and we have in this case a formal and complete complaint capable of receiving legal construction, and no construction other or different can be given to the same. The counsel for the defendant in opposition to the motion cites the case of *Miller* agt. *Scherder* (2 *N. Y.*, 262), and relies upon that as authority

to sustain the proceedings in this case. In that case there were three counts, and the case was in justices' court and the counts are blended together, and the complaint as a whole charged, in substance, that the defendant knew the meat sold to be " impure and unwholesome," and that the defendant " intending to cause the ruin of the plaintiff's health sold to him a quantity of beef as provision unfit for man to use." The court thought, in substance, " that the evil intent was substantially alleged in the complaint, which is always neces- sary in a case of fraud or decit." That element does not exist in the complaint in this case. Another important distinction exists between the case under consideration and the authority referred to. In the complaint, in *Miller* agt. *Scherder* (*supra*), no contract, consideration or promise is alleged. In this case the contract is fully alleged and set forth and is the gist of the action. In the case of *Moore* agt. *Noble* (53 *Barb.*, 425) the rule is laid down, and since that has been followed, that in an action of deceit when the fraud is the gist of the action, the action cannot be sustained unless the fraud is proved. The court holds the rule to be clear and distinct in all cases and that the causes of action are different, and that fraud and warranty cannot, in any case, be united together. The case of *Executors of Evertson* agt. *Miles* (6 *Johns.*, 138) establishes the doctrine that in all cases of fraud or deceit the deceit or fraud must be substantially alleged in the declara- tion, otherwise no proof of fraud is admissible. The same rule is laid down in the case of *Zabriskie* agt. *Smith* (13 *N. Y.*, 322). In the case of *Barber* agt. *Morgan* (51 *Barb.*, 116) the cases are reviewed and the court decides " that the complaint in an action for fraud and deceit in the purchase or sale of property, induced or procured by false representations, must, in substance, state the representations and aver their falsity, and that they were made with the intent to deceive the plaintiff and induce him to make the trade or purchase in question, and that they did induce such trade to the plaintiff's injury." In *Clark* agt. *People* (2 *Lans.*, 334) the court says:

Brown agt. Brockett.

"It is undoubtedly the rule in civil cases that in an action for deceit or fraud in the sale of property, induced or procured by false representations, that the complaints must aver that the false representations were made with intent to induce the purchaser to make the trade or purchase in question, and that they did induce such sale, but it is enough if there is any thing, in substance, which amounts to an allegation of this character." Treating the complaint in this case under the well-considered rule of law as laid down in all the cases the conclusion is reached that the complaint cannot be regarded, in form or substance, as one for fraud or deceit.

The motion is therefore granted, with ten dollars costs.

Ordered accordingly.

NOTE. — Affirmed on appeal to fourth department, general term, January, 1878, on opinion of county judge. [ED.