## N. Y. SUPERIOR COURT.

### WILLIAM B. PARKER agt. RICHARD C. SPEAR.

*Imprisonment for debt — Attorney's lien for costs — Right of attorney for a
defendant to imprison plaintiff to collect his costs — Code of Civil Procedure,
sections 66, 549, 1487.*

Under the Code of Civil Procedure in an action in which the defendant
is liable to arrest, and in which the plaintiff is unsuccessful in his suit,
the latter may be arrested and imprisoned by the defendant's attorney
on a claim for costs.

And this is true, although the plaintiff did not exercise his right to arrest
the defendant, and although he may have a perfectly good case, but
loses his suit on a mere technicality.

*Special Term, February*, 1882.

MOTION to vacate execution against the person.

*Charles Strauss*, for plaintiff, for motion.

*Jacob Fromme*, for defendant, in opposition.

ARNOUX, *J.* — Under the old Code an attorney was regarded
as the equitable assignee of the judgment to the extent of his
claim for services. The payment thereof he had a right to
enforce by execution, if he had a lien (*Haight* agt. *Holcomb*,
16 *How.*, 160). If the judgment were for costs, that carried
notice of itself on the attorney's lien, and payment to the
party was wrongful (*McGregor* agt. *Comstock*, 28 *N. Y.*, 237;
*Marshall* agt. *Meech*, 51 *N. Y.*, 140).

Even where a judgment had not been obtained, a settle-
ment between the parties without notice was not permitted
to deprive the attorney of his right to collect costs (*Rasquin*
agt. *Knickerbocker Stage Co.*, 21 *How.*, 293; *Dietz* agt.
*McCallum*, 44 *How.*, 494, *and cases cited*).

Parker agt. Spear.

The new Code embodied the previous decisions in section 66, and made the existence of the relation of attorney and client statutory notice of the attorney's rights, and gave him a lien for its compensation.

In this case it is conceded by the parties that if the plaintiff had succeeded in his cause of action, he would have the right to enforce the collection of his recovery by issuing an execution against the person of the defendant. In such a case it has been held that where the plaintiff fails, he himself is liable to an execution against his person, although the defendant was not in fact arrested nor attempted to be arrested (*Kloppenberg* agt. *Neefus*, 6 *Supr. Ct. R.* [4 *Sandf.*], 655).

The case of *Catlin* agt. *Adirondack Company* (81 *N. Y.*, 639, *reversing* 27 *Supreme Ct.* [20 *Hun*], 19) is an instructive case on this question, and affords an excellent illustration of the law as it now stands. The plaintiff brought his action against defendant, a common carrier, for loss of property amounting to $400. The cause was referred, and on the referee's report judgment was entered in plaintiff's favor. On account of errors in the trial the judgment was reversed and a new trial ordered. At that time it was not universally understood that such a reversal continued the cause before the same referee, and the plaintiff refused to appear on notice before the original referee, who thereupon dismissed the complaint. The attorney for plaintiff, instead of applying to the court for relief, stood upon what he supposed to be his legal rights and was beaten. The result was that the plaintiff was by a technicality defeated in his action with a judgment of more than $500 costs against him. Defendant then issued an execution therefor, which was returned unsatisfied, and thereupon a second execution was issued against the person. This was set aside by the court of appeals only because the complaint was construed to state a cause of action in contract and not in tort. Of the real merits of this controversy of course we cannot speak; but assuming that plaintiff had a clear

right of recovery if he had framed his complaint in the ordinary form, he would have lost his property, and then been sent to jail until he had paid $500 for the privilege of suing. And in this case cited, as the defendant was a corporation, if plaintiff had recovered he could not have arrested anybody.

It necessarily follows, from the above authorities, that as the action was one in which the defendant could have been arrested, the attorney for the defendant has the right to imprison the plaintiff to collect his costs.

We are proud of our legislation abolishing imprisonment 'for debt; and our statutes on that subject mark an epoch in the history of the liberty of the citizen. It is difficult to imagine a more outrageous case of unjust exception to that law than the case at bar. Here a plaintiff seeking redress for a wrong — a wrong it may be that compelled him to frame his complaint in tort — is beaten; how or why, the papers do not disclose. The defendant consents to relieve him from all costs, and then the attorney steps in and not only says this cannot be done, but " I will imprison this plaintiff if he does not pay my costs." The plaintiff and defendant's attorney are strangers; have never contracted with each other, have never wronged each other, and yet this attorney in defiance of the wishes of all other parties concerned can issue this process. Nothing of the kind can be done in England, for it has there been expressly held that the attorney has no lien upon the body of the judgment debtor for his costs (*Martin* agt. *Francis*, 1 *Chit.*, 241; *Man* agt. *Smith*, 4 *Barn. and Add.*, 466), and I trust that this anomaly will be rectified here. The legislature, in my opinion, ought immediately to amend the Code so that no execution against the body should be issued for costs only.

The arguments against this have not, to my mind, even the merit of speciousness. They are simply the reiteration of old proverbs that those who take the sword should perish by the sword.

But the judiciary have no power to make the law. They

must administer it as they find it, and trust to an enlightened public sentiment to repeal, alter or modify oppressive laws.

I am with great reluctance constrained to deny the motion.

NOTE.— We cheerfully call attention to the remarks of the judge at the close of the foregoing opinion, and fully endorse his criticism of the provision of the Code of Civil Procedure referred to, and trust his suggestion as to amending the same "so that no execution against the body should be allowed to issue for costs only," may be heeded by our present legislature. Imprisonment for debt is a relic of barbarism, and although in the few cases in which it is retained in this state, its object is mainly to force the payment of debts by dishonest and fraudulent debtors, the power is oftener abused for purposes of persecution than it is fairly used for legitimate ends.—[ED.