The following opinion was delivered at special term f
Truax, J.
“ Section 1487 of the Code of Civil Procedure authorizes the issuing of an execution against the person of the judgment debtor, when the plaintiff’s right to arrest the defendant depends upon the nature of the action. One of the cases in which the right to arrest depends on the nature of the action, is where the action is brought to recover damages for a personal injury *237 (§ 519). In this case, the person of the plaintiff was injured through the negligence of the defendant, who has been arrested on an execution against the person. This execution he moves to set aside, on the ground that the words personal injury, in section 519, as defined by section 3313, mean only libel, slander, criminal conversation, seduction, malicious prosecution, assault, battery, false imprisonment, or other actionable injury, of like nature, to the person of the plaintiff, or of another. That is, that the defendant can be arrested only when the injury is willful. This construction is opposed to the authorities (Haines v. Joralemon, 2 Civ. Pro. [McC.] 196 ; Keeler v. Clark, 18 Abb. Pr. 151; Miller v. Scherder, 2 N. Y. 262), and is not warranted by the Code, for section 553 of the Code of Civil Procedure provides that a woman cannot be arrested except . . . for a willful injury to person, character or property; in other words, a man may be arrested for any injury to the person of another, while a woman can only he arrested for a willful injury to the person of another.
Boot & Strong, attorneys, and Theron H. Strong, of counsel for appellant, argued:
I. The provisions of the Code relating to executions against the person, are not intended to and do not warrant the issue of an execution against the person in an action for negligence. By settled rules of statutory construction the words “ other actionable injury” are limited and restrained by the words which precede them to other actionable injuries of the very same kind as those specified, (a) The actions specified all involve the elements of willful injury, one in which the intent of the author of the injury is prominent. Hone of them are cases of omission ; all are cases of commission, in which the direct, positive and intentional act *238 of a person produces injury to another. They are none of them cases of carelessness ; all are cases of willfulness. (6) There are many other instances not mentioned, of actionable injuries of the same nature as those specified, to which the term “other actionable injury” applies, such as nuisances by obstructing highways, placing a spring gun or trap on land over which others are licensed to pass, keeping mischievous animals, leasing property infected with contagious diseases, and other actions of a like nature, (c) It is to such cases that the words, “other actionable injury” apply. “Where general words follow particular words, the rule is to construe the former as to things or persons particularly mentioned ” (Sedgwick Statutory Constr. 360 ; Sandman v. Breach, 7 B. & C. 96 ; St. Louis v. Laughlin, 49 Mo. 559 ; State v. Pemberton, 30 Ib. 376 ; Maxwell’s Interpretation Statutes, 297 ; Kitchen v. Shaw, 6 A. & E. 729; Williams v. Golden, L. R. 1 C. & P. 69 ; Rex v. Sanders, 9 C. & P. 79 ; Clark v. Gaskarth, 8 Taunt. 431; Hardcastle’s Statutory Laws, 83 ; Ashbury Co. v. Riche, L. R. 7 H. L. 653 ; Potter’s Dwarris Statutes, 292 ; Rex v. Manchester Co., 1 B. & C. 630 ; Casher v. Holmes, 2 B. & Ad. 592; East London Water Works v. Mile End Town, 17 Q. B. 512). In Trustees Exempt Fireman’s Fund v. Boome (93 N. Y. 313), it was held that a case may be within the law and yet not within the intention of the legislature (Citing People ex rel. Westchester Fire Ins. Co. v. Davenport, 91 N. Y. 574 ; People v. Fire Association of Phila., 92 Ib. 311).
*237 “If the construction contended for by the defendant were the right one, section 553 would be.unnecessary.
“The motion to vacate the order of arrest is denied, with costs.”
*238 II. It is confidently claimed that the words “ other actionable injury,” being general words following particular words, are restrained and limited by the latter, and the learned judge at special term plainly erred in supposing that this construction was opposed to the authorities, or rendered section 553, unnecessary, (a) The cases cited in the opinion are not authorities on this question (Weber v. Black, 18 Abb. Pr. 154; Miller v. Scherer, 2 N. Y. 262 ; Haines v. Jerolomon, 2 Civ. Pro. *239 Rep, [McC.] 196), are to be distinguished. (6) Nor is section 553 rendered unnecessary. The learned justice supposed otherwise, because the word “willful,” in connection with the words “ injury to person,” would be unnecessary. But this cannot be correct, for, if the section was abrogated, a woman might be arrested whenever a man could be. The section is necessary to limit a female’s liability to arrest, and the present question of construction has nothing to do with the matter of necessity. The construction contended for, takes nothing away from section 553 ; it repeals nothing ; it nullifies nothing. Section 3343 leaves section 553 to stand as before, but applies the same rule to men respecting personal injuries which applied to women, The most that could be claimed would be that the word ‘£willful ” might, upon the rule of construction contended for, be unnecessary in connection with the words “ injury to person,” but it is plainly necessary in conuection with the words “character or property,” and this would hardly be a reason for remodelling the entire section. But section 549 was enacted long before section 3343, and was really a re-enactment of section 179 of the old Code, passed before any limitation or definition of the term “ personal injury.” So far, however, from defeating the construction claimed, it aids it—the definition of the term “personal injury” manifesting a disposition to harmonize and unify the grounds of arrest respecting both sexes.
III. The construction contended for is also supported by legislative intent, as manifested, and by the course of judicial decision. The provision in the old Code was much broader even than in the present Oode, the expression there being “ or where the action is for an injury to person or character ” (§ 179), thus including all possible injuries either of omission or commission where character or person was involved (Code Pro. § 179 ; see § 228 as to executions against the person). And yet Judge Freedman questioned its applicability to all forms of action, and denied its application to a case of death through negli *240 gence, although such a case was really within the letter of the law (Ryall v. Kennedy, 41 Super. Ct. 531). The present Code is by no means so broad,1 omitting the words, “injury to character,” and restricting somewhat the words injury to person, and defining their limitation (§ 549, as explained by § 3343). But it can never be that the legislature could intend such a rule, if adopted, to be other than of general application, and yet how impossible of general application it would be if it prevailed. In cases against the mayor, aldermen, &c., against whom would the execution run? In cases against railroad corporations, express companies, steamship lines, building corporations, are they all to be exempt because the rule does not admit of practical application, and yet enforce it as against mere private owners of real property or common conveyances ? No rule so discriminating or unjust could be within the legislative intent. The course of decision is also in favor of the construction contended for (Parker v. Spear, 49 Sup. Ct. 2; 62 How. Pr. 394; Ryall v. Kennedy, 41 Sup. Ct. 531; Davis v. Scott, 15 Abb. 227; Gribbs v. Larabee, 23 Wis. 495 ; Etna Ins. Co. v. Schuler, 28 Hun, 338 ; Catlin v. Adirondack Co., 81 N. Y. 689, reversing 20 Hun, 19).
Bichard S. Newcombe, attorney, and Albert Cardozo, of counsel for respondent, argued:
I. Section 1487 authorizes execution against the person : 1. Where the right to arrest the defendant depends on the nature of the action. Section 549 provides for arrest in actions : Subd. 2. “To recover damages for a personal injury.” And by section 3343, subd. 9, it is declared that “a personal injury” includes libel, slander, criminal conversation, seduction, malicious prosecution, also an assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff or of another. The provision is as broad as it can be ; it specifies some, and in order to be full and general, it adds, “or other actionable injury to the person,” etc. That the cause of complaint in this *241 case was an actionable “injury to the person,” admits of no doubt.
II. That an execution may be issued against the body in an action based on negligence was decided in Catlin v. Adirondack Co. (20 Hun, 19). See Parker v. Spear (62 How. Pr. 394); Ætna Ins. Co. v. Shuler (28 Ib. 340).
III. The case of Ryall v. Kennedy (41 Super. Ct. 531), relied on by the defendant, decided only that an action brought by an administrator for the killing of the intestate was not an action for personal injuries. But Ryall v. Kennedy has no relevancy to the present question. It was decided in 1877, and was based upon sections 288,179, 181 of the Code as then existing.
IV. This construction is maintained by a comparison of the sections of the Code. Section 553 provides that a woman cannot be arrested except for willful injury ; but there is no such restriction as respects a man.
Per Curiam.
The order should be affirmed with costs upon the opinion of the learned judge at special term.