## WINTON v. KNOTT, Sheriff.

1. In an action in which the defendant might have been arrested under section 4945, Comp. Laws, execution may issue "against the person of the judgment debtor." Comp. Laws, § 5115.

2. If, in such action, the judgment is against the plaintiff for costs, he becomes the "judgment debtor," and is subject to "execution against the person."

3. Where the action was originally commenced in justice court, where the plaintiff recovered judgment, the defendant appealed, and the action was tried anew in the county court, the judgment there rendered is the judgment of the county court, and "may be enforced in the same manner as judgments in actions commenced therein." Comp. Laws, § 6136.

4. In such case execution may issue against the person of the judgment debtor.

(Syllabus by the Court. Opinion filed June 15, 1895.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Application in habeas corpus. Applicant was ordered discharged, and from an order refusing to vacate the order of discharge defendant appeals. Reversed.

The facts are stated in the opinion.

*Joe Kirby*, for appellant.

The form of an action is governed by the statements of the complaint. Miller v. Scherder, 2 N. Y. 264; Parce v. Halbert, 1 How. Pr. 235; Parker v. Spear, 62 Id. 394; Thompson Pror. Rem. 137; Kloppenberg v. Neefus, 4 Bandf. 655; Philbrook v. Kellogg, 21 Hun. 238. Under section 5115 Comp. Laws a judgment debtor may be arrested, if the action be in tort. *In re* Luke Moory, 12 Wis. 52; Scybran v. Smith, 7 Hill 182; Black Judg. section 9.

*W. A. Wilkes*, for respondent.

An appeal from a court order should be taken within sixty days after the order is made. *In re* Weber, 59 N. W. 524. The justice court having no jurisdiction to issue a body execution on appeal the appellate court acquired no such power. Plunkett v. Evans, 2 Dak. 442.

KELLAM, J. Appeal from an order of the circuit court of Minnehaha county refusing to vacate a previous order of the judge of said court discharging respondent from custody on habeas corpus. The facts are undisputed, and are these: The respondent, as plaintiff, sued Sundback, in justice court, for a wrongful taking and conversion of personal property, and recovered judgment. Sundback appealed to the county court, where he prevailed, and obtained judgment against respondent, Winton, for costs. Execution having been returned unsatisfied, the county court, upon a showing and motion, ordered execution against the body of Winton. Having been taken into the custody of appellant, as sheriff, thereunder, he applied to the judge of the circuit court for a writ of *habeas corpus*. Upon hearing, the judge ordered his release. The circuit court refused to vacate the judge's order, and from such order of the court the sheriff appeals.

Respondent contends that the first or original order discharging respondent was a court order, and the one from which the appeal should have been taken, and that, more than 60 days having elapsed, this appeal cannot be used for a review of that order. We think otherwise. Section 7839, Comp. Laws, authorizes either the court or judge to issue the writ of *habeas corpus*. If issued by the court, it shall be "under the seal of the court"; if by the judge, "under the hand of the judge." In this case, as shown by the abstract, the petition was presented to "the judge." It required the prisoner to be brought before "the judge," and was signed simply by "the judge," and the order of release is also signed by the "judge" as such. Upon these facts it seems plain that the writ was issued and heard by the judge. The releasing order having been affirmed by the court, the latter order was a proper subject of appeal.

This action was for the recovery of damages for the wrongful taking and conversion of personal property. In such an action the defendant may be arrested. Comp. Laws, section 4945. If the action be one in which the defendant might have been so arrested, then "an execution against the person of the judgment debtor" may issue upon order of the court. Comp. Laws, section 5115. Under the same statute in New York it has been repeatedly held that in such an action, if the plaintiff fails, and judgment for costs goes against him, he is subject to execution against the body. This was distinctly ruled in Miller v. Scherder, 2 N. Y. 264; Parce v. Halbart, 1 How. Pr. 235; Parker v. Spear, 62 How. Pr. 394; Kloppenberg v. Neefus, 4 Sandf. 655; Philbrook v. Kellogg, 21 Hun. 238. Respondent concedes that these authorities would be pertinent, and probably controlling, but for the fact that this action was commenced in justice court, and got to the county court only on appeal by the defendant; and that as no order of arrest could have been made in the justice court, and that as the case, as tried in the county court, was the same case as tried in the justice court, the power of the appellate court in this respect must be determined by the power of the justice court in which the action

was brought; and cites authorities to the effect that the appellate court gets no jurisdiction, by appeal from justice court, of a case of which the justice had no jurisdiction. But this is not a question going to the jurisdiction of the court over the cause of action, but of the power of the court to allow a provisional remedy in a cause of which it confessedly has jurisdiction. The authorities cited do not reach the question at issue. The legislature seems to have definitely established the powers of the appellate court by providing in section 6136, Comp. Laws, that "judgment rendered in the district court on an appeal have the same force and effect, and may be enforced in the district court in the same manner, as judgments in actions commenced therein." By chapter 78, Laws 1890, the county court, on appeal from justice court, is given the same power as the district or circuit court. In Ryan v. Parr (Sup.) 16 N. Y. Supp. 829, it was held that judgment in the county court on appeal from justice court was the judgment of the county court, and that, the action being in tort, the judgment might be enforced by a body execution, unaffected by the statute regulating the enforcement of judgment in justice court. This seems plainly against the contention of respondent. Respondent contends that the judgment in the county court went against him without a trial upon the merits, and upon technical grounds only, and urges the injustice and hardship of the remedy against him under such circumstances. This was conspicuously the case in Parker v. Spear, *supra,* and the judge, in his opinion, in very emphatic terms condems the law, but finds no power in the courts to modify it, and holds, as we feel obliged to, that the body execution was rightly awarded, and that the order of the circuit judge discharging respondent was wrong. The order of the circuit refusing to vacate such an order is reversed, and the case remanded for further proceedings in accordance with this opinion.