## Winton v. Kirby *et al.*

This case is ruled by Winton v. Knott (S. D.) 63 N. W. 783.

(Syllabus by the Court.    Opinion filed Oct. 1, 1895.)

Appeal from circuit court, Minnehaha county.    Hon. JOSEPH W. JONES, Judge.

Action for false imprisonment.    Defendants had judgment, and plaintiff appeals.    Affirmed.

The facts are stated in the opinion, and in Winton v. Knott, 63 N. W. 783 and 7 S. D.

*W. A. Wilkes, Davis, Lyon & Gates* and *Melvin Grigsby,* for appellant.

The justice court being without such authority, the action being one in which the defendant could not originally have been arrested, a like inhibition follows the case into the appellate court. Wells on Jurist, § 65; Cooban v. Bryant 36 Wis. 612; Taylor v. Smith, 64 Ill. 446; 1 Am. Eng. Ency. Law, 623; Liresey v. Sanders, 3 Abb. Pr. 176; Keeler v. Clark, 18 Id. 156; Carpenter v. Willett, 18 How. Pr. 405; 2 Waits Law and Pr. 87. The jurisdiction of the county court to issue a writ for a body execution may be inquired into by the circuit court in an action for damages for false imprisonment thereunder, Wells Juris, 15; Hickey v. Stewart, 3 How. 819; Thompson v. Whitman, 18 Wall. 897; Rodengas v. Savings, 63 N. Y. App. 464; Bissell v. Briggs, 9 Mass. 462; Pennywit v. Foote, 27 O. St. 600; 12 Am. and Eng. Ency. Law, 308. The statute for arrests confers a special and extraordinary power which interferes with the liberties of persons and so must be strictly construed. Spicer v. Steinruck, 14 Ost. 213; Vanderburg v. Hendrix, 17 Barb. 179; VanLathon v. Libly, 38 Barb. 339. There is a plain difference between a case for the enforcement of a private right and a complaint for a criminal charge. Gifford v. Wiggins, 18 L. R. A. 357; Teal v. Fissel, 28 Fed. 351; Bonestell v. Bonestell, 28 Wis. 245.

FULLER, J. Plaintiff brought this action against the defendants to recover damages based upon a claim of false imprisonment and appeals to this court from a judgment in favor of the defendants, and from an order overruling a motion for a new trial. The arrest and imprisonment complained of was found by this court to be fully justified in Winton v. Knott (S. D.) 63 N. W. 783, where all the questions presented by this appeal are discussed, and determined adversely to appellant. Ruled by that case, the judgment of the trial court is affirmed,