RION COMPANY, INC., Appellant, *v.* JULIUS ZUCKERMAN, Respondent.

Supreme Court, Appellate Term, First Department, December 21, 1939.

*Jerome Tannenbaum,* for the appellant.

*Samuel Cooperman,* for the respondent.

HAMMER, J. The action is for conversion on an informal complaint indorsed on the summons. The summons also bore an indorsement that defendant was liable to arrest and imprisonment.

Defendant appeared and answered. He later stipulated that plaintiff was entitled to the relief demanded in the action, agreed to pay a specified sum in installments and further agreed that in the event of his failure to pay any installment plaintiff should have the right to enter judgment without notice for the balance unpaid and should also have the right to a body execution against him.

Defendant defaulted in making the agreed payments, and on inquest before the court proved the conversion and moved for a body execution. The court awarded judgment for the money due, but made no decision as to the body execution.

Plaintiff then moved to resettle the decision and judgment so as to award execution against the person, and the motion was denied. That part of the judgment appealed from, signed by the clerk, adjudges " that the plaintiff do not have a body execution against the person of the defendant as the court has failed to provide for and grant such an execution against the person of defendant."

Plaintiff's judgment being enforcible by execution, and the action one in which defendant was liable to arrest (Civ. Prac. Act, §§ 504, 764, 826), upon the proofs presented plaintiff was entitled to have incorporated in the judgment the statement that " defendant is subject to arrest and imprisonment " (Mun. Ct. Code, § 128). Under such judgment plaintiff's attorney may issue execution against the person of defendant without application to the court. The recent amendment to section 764 of the Civil Practice Act by chapter 279 of the Laws of 1936, requiring such application in actions in the Supreme Court, does not affect the Municipal Court. (*Wilson & Co., Inc.,* v. *Hershkowitz,* 163 Misc. 721.)

Judgment modified by providing that defendant is " liable to arrest and imprisonment." and as modified affirmed, with twenty-five dollars costs to appellant. Appeal from order dismissed.

All concur. Present — HAMMER, SHIENTAG and NOONAN, JJ.