Irving Arnold, Respondent, v. National Plastikwear Fashions, Inc., et al., Defendants, and Harry I. Green et al., Appellants.

First Department, October 21, 1958.

412

*Edwin W. Tucker* for appellants.

*Nathan W. Shapiro* of counsel (*Morris B. Gerstehaber,* attorney), for respondent.

VALENTE, J. Defendants Harry I. Green and Murray J. Green appeal from a determination of the Appellate Term which affirmed an order of the Municipal Court granting plaintiff's motion to amend the judgment so as to include a notation therein that the appellants were subject to body execution.

The amended complaint contained four causes of action. At the trial, the first two causes were discontinued. The third cause was predicated on a written guarantee for the payment of a loan plaintiff made to the corporate defendant. In the fourth

cause of action, plaintiff alleged fraud in inducing plaintiff to make the loan. The Trial Justice directed a verdict for plaintiff on the third cause of action in the sum of $2,300. The jury was given the fourth cause of action and found for plaintiff on the issue of fraud in the same amount as the court had directed a verdict on the third cause. One judgment was entered.

The judgment submitted to the clerk of the Municipal Court contained a notation that defendants-appellants were subject to body execution. When the clerk struck out that notation, plaintiff moved to amend the judgment to include such an indorsement. The order granting that motion is the subject of this appeal.

Appellants urge that the disposition below should be reversed because (1) the motion to amend the judgment was not timely made under subdivision 3 of section 129 of the New York City Municipal Court Code; (2) that the amended complaint wherein the cause of action for fraud was first alleged was not served personally on defendants; and (3) that a body execution cannot issue in a case where a pleading has joined causes of action where only one of the causes can support a body execution.

Evidently up to the time of this appeal, there has been no consideration of the question of the necessity or import of the notation on the judgment, it being tacitly assumed that such an indorsement was a prerequisite to a subsequent application for a body execution. Before the enactment of chapter 830 of the Laws of 1952, effective September 1, 1952, section 128 of the Municipal Court Code provided that '' When a judgment is rendered in a case where the defendant is subject to arrest and imprisonment thereon, it must be so stated in the judgment and entered in the docket.'' If no such statement as to defendant's liability to arrest and imprisonment was indorsed on the judgment, a body execution could not thereafter issue. (*Spitzer* v. *Ackerman,* 194 N. Y. S. 447; *Cohen* v. *Lundberg,* 133 N. Y. S. 434.) Moreover, once the statement required by section 128 was inserted in the judgment, plaintiff's attorney could issue execution against the person of the defendant without application to the court. (*Rion Co.* v. *Zuckerman,* 173 Misc. 3.)

In order to prevent abuses which had developed in the resort to the remedy of body execution, the New York Judicial Council (Seventeenth Annual Report, 1951, pp. 274–275) recommended repeal of section 128 of the Municipal Court Code and related sections, to the end that in all cases, except wage earner's claims under section 139 of the Municipal Court Code, the practice obtaining in actions brought in the Supreme Court under section 764 of the Civil Practice Act, would apply to Municipal Court

actions. The Legislature adopted the recommendation of the Judicial Council and by chapter 830 of the Laws of 1952 section 128 of the Municipal Court Code was repealed. Thus since September 1, 1952, the issuance of body executions in the Municipal Court is governed by the provisions of section 764 of the Civil Practice Act under which the granting of an execution against the person rests in the discretion of the court upon a proper application.

As a consequence, the insertion of the notation in the judgment, about which appellants complain, was unnecessary and unwarranted, and could only serve to prejudice appellants if an application were made under section 764 of the Civil Practice Act.

But even under the discarded practice which prevailed before 1952, the indorsement that defendants were liable to execution against their persons, was improper here. The plaintiff obtained a directed verdict on the third cause of action; while the jury rendered a verdict on the fourth cause of action for fraud in the same amount. The general rule has been that a plaintiff waives his right to a body execution where, in his complaint, he unites a cause of action in which an execution against the person is authorized with other causes of action in which such an execution is unauthorized. (*Miller* v. *Scherder*, 2 N. Y. 262; *Woods* v. *Armstrong*, 29 Misc. 660; *Dwork* v. *Cohen*, 13 Misc 2d 676.) It has been held, however, that despite the original joinder of a cause of action for which a defendant may not be arrested with one for which he could be arrested, if the judgment obtained is solely upon the cause of action for which an order of arrest might issue, the right to a body execution is not lost. (*Famiglietti* v. *Del Terzo*, 185 Misc. 453, mod. 186 Misc. 444.) However, in *Lisbin* v. *Cohen* (1 A D 2d 697, affd. 3 N Y 2d 817), it was expressly decided that where a judgment was rendered on three causes of action in the complaint, and the second cause of action did not warrant an arrest, execution against the person could not rightly issue, even though the other two causes would alone support such a remedy.

We must consider the judgment entered herein to have been granted on the third and fourth causes of action. The decision of the Municipal Court Justice after trial shows the rendition of verdicts on both the third and fourth causes of action. Nowhere is there an express or implied election by plaintiff to abandon the third cause and to enter judgment only on the fourth cause of action. The judgment is silent as to which cause or causes are covered by it. Since the amounts awarded in the direction of the verdict on the third cause and the verdict rendered by the jury on the fourth cause are identical, the entry of judgment in that

amount may not be construed to apply to one cause to the exclusion of the other. Since the third cause of action was based on contract, it would not support the issuance of a warrant of arrest. Hence, joinder of the causes, resulting in one judgment covering both, has effectively eliminated any possibility of a body execution in the instant case.

We do not reach the question whether a body execution would necessarily issue here had the judgment been based solely on the fourth cause of action. Only upon an appropriate application under section 764 of the Civil Practice Act, directed to the discretion of the court, could that question be answered.

The determination should be reversed on the law, and the motion to amend the judgment denied, without costs.

BOTEIN, P. J., BREITEL, M. M. FRANK and STEVENS, JJ., concur.

Determination of the Appellate Term appealed from and the order of the Municipal Court unanimously reversed on the law, and the motion to amend the judgment is denied, without costs.