PER CURIAM.
—The petition of a relator shows him to be an honorably discharged soldier who served in the United States army during the late Civil War. He has heretofore entered, and successfully passed, five different competitive examinations held to test the fitness and capability of applicants for clerical positions in the civil service of the city of Brooklyn; and lie alleges that defendant has not, pursuant to the laws of the state, and in obedience to the regulations of the civil service commission of the city of Brooklyn, notified said commission that there were clerical positions in his department where a vacancy existed; that twenty-five positions in said department became vacant on or since the 1st day of January, 1895 ; that, if defendant had notified said commission of these vacancies, relator would have been one of the first four to be certified as a result of his examination in accordance with the constitution of the state, its statutes, and the civil service regulations. The petition also alleges that defendant has, in violation of law, filled the aforesaid vacancies, and that the persons are holding said positions in violation of law. Upon the allegations of the petition, ive think this appeal must fail. Defendant is the head of the department of finance of the city, and has authority to determine the number of subordinates and clerks he requires in his department, and, if a vacancy exists therein, it is for him to determine whether he will fill the same or leave it vacant. Charter of Brooklyn, tit. 3, § 2 ; Id. tit. 22, § 9. Courts have no power by mandamus to compel an officer vested with discretionary power to exercise it in a particular manner (People v. Maher, 141 N. Y. 330 ; 57 S. R. 425) ; and with the exercise of it no one can interfere (People v. Sutton, 88 Hun, 175 ; 68 S. R. 494). The act creating a preference in re *888 lator’s favor (Laws 1894, c. 716) confers no right to the issuance of the writ. This act gives preference in appointment and damages where relator suffers for an act wrongfully done, and also remedy by the existing right of mandamus. But no right to a writ or mandamus existed or presently exists to interfere with the exercise of discretionary power. The preference which is given to the relator creates in him no title to any office or position. Title is only acquired by appointment, and relator has never been appointed. Nor'is there any vacancy,, for the positions now existing are filled by other persons. ■Whether rightfully or wrongfully cannot be inquired into in this proceeding. It is sufficient now to say that there is no vacancy to fill. In this aspect the proceeding is brought squarely within the decision in People v. Rupp, 90 Hun, 145 ; 35 N. Y. Supp. 349, 749. It is clear, therefore, that, whatever rights relator may possess, his remedy is not by mandamus to enforce them.
The order ajipealed from should therefore be affirmed, with $10 costs and disbursements.