(75 App. Div. 480.)

PEOPLE ex rel. MORRISON v. CANTOR et al.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. NEW YORK CITY—ABOLITION OF OFFICE—APPOINTMENT TO ANOTHER OFFICE—RIGHT TO DEMAND.

The civil service law provides that, where an appointment to a position is to be made from names certified by the civil service commissioners, the appointing officer shall request from them a list of the persons entitled to such appointment. The charter of the city of New York, § 1543 (Laws 1901, c. 466), provides that whenever, in any department, an office is abolished, the persons affected shall be deemed suspended without pay; and shall be entitled to reinstatement in the same or in a corresponding office "if within one year thereafter there is need for his or their services"; that it shall be the duty of the department head to furnish the names of the persons affected by the abolition of the office to the municipal civil service commissioners; that the commissioners shall forthwith place the names of such persons on a list of suspended employés for such office, or for a corresponding office, in the order of their original appointment, "before making any certifications from any other list." *Held,* that it is only where there is need for the services of the suspended officer that he is entitled to reinstatement, and whether there is such need is to be determined by the appointing officer, to be evidenced by his request to the commissioners for the name of the person entitled to be appointed, and, in the absence of such request, mandamus will not lie to compel the commissioners to certify the officer's name for the appointment, though there may be a vacant office.

Appeal from special term, New York county.

78 N.Y.S.—25

Application for a peremptory writ of mandamus by Henry P. Morrison against Jacob A. Cantor, individually and as president of the borough of Manhattan of the city of New York, and others, individually and as members of the municipal civil service commission of said city. Order granting the relief asked (77 N. Y. Supp. 746), and respondents appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Wm. B. Crowell, for appellants.
Roger Foster, for respondent.

INGRAHAM, J. The relator applied to the court below for a peremptory writ of mandamus requiring the members of the municipal civil service commission of the city of New York to certify the relator's name to Jacob A. Cantor, president of the borough of Manhattan of the city of New York, for appointment to the position of chief engineer in the bureau of highways in the office of the commissioner of public works in the borough of Manhattan of the city of New York, nunc pro tunc as of February 1, 1902, and that the said municipal civil service commission certify the name upon the payroll of said department of public works nunc pro tunc as of February 1, 1902, and directing the said Cantor and the said commissioners to pay the petitioner the sum of $2,000, or, in case said relief is denied, that an alternative writ of mandamus issue.

By the petition it appears that the relator was, prior to the 1st day of January, 1902, chief engineer of sewers, chief engineer of highways, and deputy commissioner in the department of water supply in the borough of Richmond in the city of New York; that the aggregate salary for the three positions was $5,000, and that the relator occupied said positions and performed the duties thereof down to the 1st of February, 1902; that on the 1st day of January, 1902, the municipal civil service commission of the city of New York amended the civil service rules of said city, and the classification of the civil service of said city, and classified the position of chief engineer in the bureau of public works, in the bureau of highways, and in the bureau of sewers as not exempt, but as positions to be filled as the result of competitive examination; that prior to and on or about the 1st day of February, 1902, the positions held by the relator in the borough of Richmond were abolished; that after the abolition of said positions the petitioner was duly placed by the municipal civil service commission of the city of New York upon the list containing the names of persons eligible for appointment to the position of chief engineer in the county of New York, and at the head of said list; that on or about the 1st day of February, 1902, the respondent Jacob A. Cantor, as president of the borough of Manhattan of the city of New York, created the position of chief engineer in the bureau of highways in the office of the commissioner of public works of the borough of Manhattan, at a salary of $5,000 a year; that the members of the said civil service commission of the city of New York have failed to certify the name of the relator to the president of the

borough of Manhattan for appointment to the position of chief engineer in the bureau of highways, and the relator has demanded of the president of the borough of Manhattan that he appoint the relator to the position of chief engineer in the bureau of highways, which demand has been refused.

In answer to this petition, Mr. Cantor's affidavit was presented, in which he says that upon his assuming the office of president of the borough of Manhattan, on the 1st day of January, 1902, he found one Foye chief engineer of the department of highways, he having filled that position under the charter as it existed prior to December 30, 1901; that the duties devolving upon such chief engineer are of such a confidential and trusty character that said official has always been classified in Schedule A of the civil service among the positions to be appointed without a competitive examination, but that on the revision made on the 1st of January, 1902, the position of chief engineer of this department was omitted from Schedule A, or the exempt class, and became a position to be appointed to as the result of a competitive examination; that Foye resigned his position as chief engineer, and that he appointed one Olney to fill the said position, assuming that the position was in Schedule A, as it had been prior to January 1, 1902, and thus not subject to a competitive examination, but that Olney's appointment was not recognized as valid, upon the ground that he was not appointed after a competitive examination; that subsequent to the appointment of Olney, upon application of the respondent, the municipal civil service commissioners placed the position of chief engineer of the department of highways in Schedule A, which act was approved by the mayor, and was submitted to the civil service board for their approval, but such change had not been approved by the state board at the time this proceeding was instituted, and that the duties of the office of chief engineer in the borough of Richmond are similar to the duties of chief engineer in the borough of Manhattan. It also appears that the president of the borough of Manhattan has made no demand upon the municipal civil service commissioners for the names of the persons eligible for the said appointment, and that no names have been certified to him for such positions.

The court below granted a peremptory writ of mandamus, requiring the municipal civil service commissioner to certify the name of the petitioner to Jacob A. Cantor, president of the borough of Manhattan, for appointment as chief engineer in the bureau of highways in the office of the commissioner of public works in the borough of Manhattan of the city of New York, at a salary of $5,000 a year, nunc pro tunc as of February 1, 1902, and requiring the said Jacob A. Cantor to transfer and appoint the petitioner to the said position nunc pro tunc as of February 1, 1902, and that the said municipal civil service commissioners certify the name of the relator upon the pay roll of the bureau of highways in the office of the commissioner of public works in the borough of Manhattan of the city of New York from February 1, 1902, to the date of his reinstatement, for the payment to him of a salary at the rate of $5,000 a year; and from the order granting such mandamus this appeal is taken.

Upon this application, a peremptory writ of mandamus having been granted, the allegations in the answering affidavits must be taken as true, and from the statements therein contained we must accept the allegation that this position is a strictly confidential position. At the time the position of chief engineer in the borough of Richmond was abolished, and a vacancy was made by the creation of the office of chief engineer in the department of highways in the borough of Manhattan, the civil service act of 1899 (chapter 370, Laws 1899) was in force. By section 21 of that act it is provided that:

"No person holding a position by appointment or employment in the state of New York or in the several cities, counties, towns or villages thereof * * * who shall have served the term required by law in the volunteer fire department of any city, town or village in the state * * * shall be removed from such position or employment, except for incompetency or misconduct shown after hearing, upon due notice, upon stated charges and with the right to such employé or appointee to a review by a writ of certiorari. In cities of the first class, if the position so held by any such * * * volunteer fireman shall become unnecessary or be abolished for reasons of economy or otherwise, the said * * * volunteer fireman holding the same shall not be discharged from public service, but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor. * * * Nothing in this act shall be construed to apply to the position of private secretary or deputy of any official or department, or to any other person holding a strictly confidential relation to the appointing officer."

This act was amended by chapter 270, Laws 1902, by striking out the last clause above cited. By section 1543 of the charter of the city of New York (chapter 466 of the Laws of 1901) it is provided that:

"Whenever in any department or institution an office, position or employment is abolished, or made unnecessary, * * * the person or persons legally holding the office or filling the position or employment thus abolished or made unnecessary shall be deemed to be suspended without pay, and shall be entitled to reinstatement in the same office, position or employment, or in any corresponding or similar office, position or employment, if within one year thereafter there is need for his or their services. Whenever such offices, positions or employments are abolished or made unnecessary, it shall be the duty of the head of the department or institution to furnish the names of the person or persons affected to the municipal civil service commission, with a statement in the case of each of the date of his original appointment in the service. It shall be the duty of the municipal civil service commission forthwith to place the names of said persons upon a list of suspended employés for the office, or position or for the class of work in which they have been employed, or for any corresponding or similar office, position or class of work, and to certify the said persons for reinstatement, in the order of their original appointment, before making certifications from any other list."

It would seem that the relator is not entitled to the peremptory writ of mandamus asked for, under the provisions of either of these acts. Under the section of the charter to which attention has been called, it is made the duty of the civil service commission to report the name of an officer whose position has been abolished, and who is in a position to be reinstated, "before making certifications from any other list." It is assumed by the relator that the appointment of Olney was void, and that contention is not, as I understand it, denied by the corporation counsel. Under the civil service law, every position where an appointment is to be made from names

certified by the civil service commissioners, the appointing officer is required to request from the civil service commissioners a list of the persons who are entitled to receive the appointment, and by the section of the charter to which attention has been called the commissioners are required to certify persons for reinstatement before making certificates for any other list. There is no allegation that the commissioners have failed to obey this provision. They have not been asked to make a certificate for this position, and they have made none. There is nothing in the act which requires the appointing officer to fill the position at any particular time. He has created the position of chief engineer in the department of highways in the borough of Manhattan of the city of New York, and upon an appointment to that position the appointee would be entitled to receive the salary attached to the office, and to perform the duties thereof; but, until the appointing officer determines to make the appointment or fill the position, the court is not justified in granting a mandamus requiring him to forthwith appoint to the position an officer who would be entitled to the appointment when made. The status of this relator is that he is suspended from his office without pay, and he is entitled to reinstatement in "the same office, position or employment, or in any corresponding or similar office, position or employment if within one year thereafter there is need for his  *  *  *  services." Charter, § 1543. It is only where there is need for his services that he is entitled to be reinstated, and that is to be determined by the appointing officer, to be evidenced by his request of the civil service commission for the name of the person entitled to the position. This is in accordance with the view of the court in the Second department in Tregaskis v. Palmer, 9 App. Div. 252, 41 N. Y. Supp. 494.

It follows that the order appealed from is reversed, and the proceeding dismissed, with $50 costs. All concur; HATCH, J., in result.

HATCH, J. I concur in the result of this opinion. The answering affidavit, in averring that the position is confidential, does not raise an issue of fact; it simply presents a question of law, and therefore does not prevent inquiry upon the part of the court. The complete answer to the claim of the relator is that it does not show but that there are other persons in the list provided by section 1543 of the charter who are entitled to appointment in preference to him. He does not, therefore, make a case for relief.