(52 **Misc. Rep.** 609)

### PEOPLE ex rel. O'DONNELL v. McCLELLAN et al.

(Supreme Court, Special Term, New York County. February 27, 1907.)

MANDAMUS—SUBJECTS OF RELIEF—MUNICIPAL BOARDS—COURT ATTENDANTS.

Greater New York Charter, Laws 1901, p. 593, c. 466, § 1394, provides, in relation to attendants in the city magistrates' courts, that the board of city magistrates shall appoint such court attendants, upon the assent of the board of estimate and apportionment, as may be necessary. *Held*, that mandamus would not lie to compel the magistrates to make appointments to the positions of court attendants, and to require the board of estimate and apportionment to assent thereto, and to require the removal of police officers from attendance at such courts, as an attempt to determine what attendants were necessary would be to usurp the functions of the boards, and as there were undisputedly some services properly of a police character.

Mandamus by the people, on the relation of James M. O'Donnell, against George B. McClellan and others, to compel the board of city magistrates to make appointments to the positions of court attendants in the city magistrates' courts, to compel the members of the board of estimate and apportionment to assent to such assignments, and to require the police commissioners to remove from detail at such courts all police officers. Motion for peremptory writ denied.

Thornton J. Theall, for the motion.

William B. Ellison, Corp. Counsel (Terence Farley, of counsel), opposed.

GIEGERICH, J. The applicant, claiming to be upon the eligible list, seeks a peremptory writ of mandamus requiring the members of the board of city magistrates to make appointments to the positions of court attendants in the city magistrates' courts, and requiring the members of the board of estimate and apportionment to assent to such assignments, if such assent should be deemed necessary, and requiring the police commissioner and his deputies to remove from detail or attendance at such courts all police officers now acting therein.

In support of the application it is urged that police officers are used to perform many of the ordinary and customary duties of court attendants, and such appears to be the case, so far as can be judged from the papers presented. It does not follow, however, that the court has power to grant the relief sought. Section 1394 of the charter provides in part as follows:

"The board of city magistrates * * * shall appoint such * * * court attendants upon the assent of the board of estimate and apportionment as may be necessary."

For this court to attempt to determine what attendants are necessary would be to usurp the functions of the board of city magistrates and the board of estimate and apportionment. People ex rel. Wooster v. Maher, 141 N. Y. 330, 337, 36 N. E. 396; People ex rel. Harris v. Com'rs, 149 N. Y. 26, 30, 43 N. E. 418; People ex rel McCabe v. Matthies, 179 N. Y. 242, 247, 72 N. E. 103. It is claimed that the provision just quoted is unconstitutional, because the caption of the chapter, namely, "Chapter 410, Laws of 1903," by which it was added

by amendment to section 1394, does not comply with the constitutional requirement that private or local bills shall embrace only one subject, and that that subject shall be expressed in the title. ˙ The title of chapter 410 contains no reference to court attendants, being as follows:

"An act to amend the Greater New York charter, by providing for the appointment of two additional city magistrates and a police clerk."

It is unnecessary to determine this question of constitutionality, however, because, if the amendment were declared unconstitutional, then the power of appointment would remain where it was placed by section 1396 of the charter, as amended by chapter 466, p. 595, of the Laws of 1901, which provides as follows:

"The said board of city magistrates in the First division may appoint police clerks' assistants, stenographers, interpreters and other necessary attendants."

It consequently makes no difference whether this motion is decided under the amendment to section 1394 or under the provisions of section 1396. The result in either case is the same, namely, that the power of determining the necessity of appointment resides, not in this court, but either in the board of city magistrates alone, or in that board upon the assent of the board of estimate and apportionment, as the case may be.

So far as the application seeks the removal of all police officers from the courts in question, that cannot be granted, because, undisputedly, there are some services properly of a police character to be performed there.

The motion must therefore be denied, with $10 costs.

