THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN C. JUDGE, Respondent, *v.* JOHN F. HYLAN, as Mayor of the City of New York, Appellant.

Second Department, March 10, 1922.

**Municipal corporations — operation of auto bus line under sight-seeing license in streets of New York city, in violation of law — when mandamus to compel mayor to enforce law should be denied.**

The court should not, unless required by exigencies of public safety or other compelling consideration, interfere in details of the exercise of the executive power by the mayor of the city of New York, and, therefore, in the exercise of its discretion, the court will not grant a peremptory writ of mandamus commanding the mayor to prevent the operation of an auto bus line on the streets of the city of New York, which is being operated under a sight-seeing license granted on the recommendation of the commissioner of plant and structures pointing out that there was no other means of transit facilities between the points which the auto bus line was connecting except the proposed sight-seeing line, though it is apparent that the busses in question are being used as a stage line in the city of New York without compliance with the requirements of law.

JAYCOX and KELBY, JJ., dissent.

APPEAL by the defendant, John F. Hylan, from an order of the Supreme Court, made at the Queens Special Term and entered in

the office of the clerk of the county of Queens on or about the 29th day of August, 1921, granting a peremptory writ of mandamus commanding him " to forthwith prevent the operation of the Bus line of the Rockaway Auto Bus Company from operating on the streets of the City of New York, particularly in Rockaway Park, Belle Harbor, Neponsit, Roxbury and Rockaway Point." The busses were being operated under a sight-seeing license.

Eleven days after the decision of the Court of Appeals in *Brooklyn City Railroad Company* v. *Whalen* (229 N. Y. 570) the commissioner of plant and structures wrote to the commissioner of licenses a letter calling attention to the application for a sight-seeing license, made by William F. Brunner, to operate from private property at Beach One Hundred and Sixteenth street and Newport avenue to Rockaway Point, and adding: "After investigation, I am convinced that the transit interests of the people of the section affected would be best served by the License Department granting the application of Mr. Brunner. There is no other means of transit facilities between these points except this proposed sight-seeing line that the applicant intends operating."

As well from this communication and the action of the commissioner of licenses pursuant thereto, as from the actual operation of the buses under this sight-seeing license, it is apparent that these buses are used as a stage line in the city of New York without compliance with the requirements of law although an application for a franchise to operate a line of busses had been for a year pending before the board of estimate and apportionment. Upon petition made to the Special Term by a citizen, the writ of mandamus referred to was issued. From this the mayor appeals.

*Patrick E. Callahan* [*John P. O'Brien, Corporation Counsel,* and *William E. C. Mayer* with him on the brief], for the appellant.

*John C. Judge,* respondent in person.

BLACKMAR, P. J.:

The bus line was operated in violation of the law (Transp. Corp. Law, § 26);* it was a public nuisance (Penal Law, § 1530), and the duty of the mayor is to enforce the law (Greater N. Y. Charter, § 115). There is no doubt that the court has power to issue its order in the nature of mandamus to the mayor to compel performance of his duty (*People ex rel. Weatherwax* v. *Watt,* 115 Misc. Rep. 120; affd., 197 App. Div. 929; *People ex rel. Pumpyansky* v. *Keating,* 168 N. Y. 390); but under the present circumstances I think the court, in the exercise of its discretion, should have denied

---

* Added by Laws of 1915, chap. 667, as amd. by Laws of 1919, chap. 307.— [REP.

the motion.  The court should not, unless required by exigency of public safety or other compelling consideration, interfere in details of the exercise of the executive power by the mayor of the city of New York.

The order is reversed in the exercise of the discretion of this court, and the motion denied.

KELLY and MANNING, JJ., concur; JAYCOX and KELBY, JJ., dissent and vote to affirm.

Order reversed in the exercise of the discretion of this court, and the motion for mandamus denied as a matter of discretion.