MARY TONKIN, Appellant, *v.* TIMOTHY A. LEARY, as President Justice of the Municipal Court of the City of New York, and Others, Respondents.*

Second Department, February 8, 1932.

*H. Eliot Kaplan* [*John Kirkland Clark* and *Albert De Roode* with him on the brief], for the appellant.

*William J. O'Shea, Jr.,* for the respondent Timothy A. Leary, as president justice, etc.

*Edward Ward McMahon* [*Edward McLoughlin* with him on the brief], for the respondents George J. Joyce and others.

PER CURIAM. We determine that the petition states sufficient facts and that the motion should not have been denied upon the ground of the insufficiency of the petition. The Greater New York Charter (§ 1373, as amd. by Laws of 1929, chap. 235), in providing for clerical appointments in the Municipal Court, is a grant of authority, and does not require that appointments to fill vacancies shall be made if the appointing power in good faith deems it unnecessary. The answering affidavit asserts the lack of necessity for the filling of the positions of assistant clerks. It further shows that the work which might be performed by such assistant clerks is being performed by the clerk and deputy clerk in the respective Municipal Courts. There is a showing of no present public necessity for such assistant clerks. This being undenied, we are of opinion that a mandamus order to compel the appointing authority to fill the positions should not be granted. (*People ex rel. Tregaskis* v. *Palmer,* 9 App. Div. 252; *Matter of Morrison* v. *Cantor,* 75 id. 480, 485; *People ex rel. O'Donnell* v. *McClellan,* 52 Misc. 009; affd., 119 App. Div. 868.)

The order denying the motion for a peremptory mandamus order should be affirmed, without costs.

LAZANSKY, P. J., KAPPER, HAGARTY and CARSWELL, JJ., concur; YOUNG, J., dissents, with the following memorandum: These positions having been duly established by law, and provision therefor having been made in the budget, it was the duty of the Municipal Court justices to make the appointments, and the mandamus order should have been granted.

Order denying motion for a peremptory mandamus order affirmed, without costs.