In the Matter of the Application of WALTER L. KATKOWSKI, Petitioner, for a Peremptory Order against FIORELLO H. LAGUARDIA, Mayor of the City of New York, Respondent.

Supreme Court, Special Term, New York County, September 5, 1940.

*Abraham L. Regen*, for the petitioner.

*William C. Chanler, Corporation Counsel* [*M. Camper O'Neal* and *Arthur H. Kahn* of counsel], for the respondent.

PECORA, J. Petitioner moves for an order pursuant to article 78 of the Civil Practice Act to compel the mayor of the city of New York to appoint successors in all cases wherein the terms of city marshals have expired. Respondent has moved under section 1293 of the Civil Practice Act for an order dismissing the petition.

The petition shows that there are forty-eight city marshals whose terms of office have expired, but whose successors in office have not yet been appointed. Plaintiff, in the role of a citizen and taxpayer, is suing for the general benefit of the public to compel a public officer to perform a duty which it is alleged devolves upon him.

Though concededly under no obligation to do so, the mayor in May, 1939, ordered the municipal civil service commission to conduct an examination for the office of city marshal. After such

test a list, containing the names of 204 persons who had passed such examination, was published in newspapers of the city of New York. Petitioner does not seek a direction that the mayor make appointments from this list. In fact, both sides admit that no such order could properly issue, because no duty exists in the premises.

The instant application is based upon section 145 of the New York City Municipal Court Code, which provides: " No more than eighty-three city marshals shall be appointed by the mayor. Upon the expiration of the terms of office of the duly appointed incumbents, the mayor shall appoint their successors for terms of six years."

The contention of respondent that under section 5 of the Public Officers Law the city marshals whose terms have expired are lawfully in office need not be considered here. The petition must be dismissed because there is no showing that urgent considerations of public convenience or of an impelling nature require judicial ntervention. This rule was succinctly stated in *People ex rel. Judge* v. *Hylan* (200 App. Div. 430), where the court said (p. 432): " The court should not, unless required by exigency of public safety or other compelling consideration, interfere in details of the exercise of the executive power of the mayor of the city of New York." Moreover the language of section 145 of the Municipal Court Code cannot be construed as a mandate for the mayor to appoint a city marshal whenever an incumbent's term of office expires. Section 145 does not provide for the number of marshals that should be appointed, but leaves this to the discretion of the mayor, subject only to the limitation that not more than eighty-three should be appointed. The use of the language " shall appoint " need not necessarily be construed as "must appoint." (*Tonkin* v. *Leary*, 234 App. Div. 448; affd., 259 N. Y. 510; *Munro* v. *State of New York*, 223 id. 208.)

The language of the statute being permissive, and no public necessity being shown, the petitioner must fail in his attempt to get a mandatory order. This is particularly true here where petitioner has not shown any clear legal right to the relief demanded. (*Matter of Jaffe* v. *Board of Education*, 265 N. Y. 160.) The application is denied and the respondent's motion to dismiss is granted. Settle order.