Charles A. Loreto, J.
Respondent has moved to vacate the order directing his commitment (Civ. Prac. Act, § 406). If this is denied, he asks that its enforcement pending an appeal be stayed. Respondent’s attorney seriously contends that the Acting Commissioners of the Temporary Commission of Investigation of this State have been and are illegally functioning; that their terms of office expired on April 30, 1963; that not having been reappointed and successors not having been appointed, their acts since that date are null and void as well as any court directive based upon such acts. This contention is bottomed upon the view that the enacting statute fails to provide for their continuance in office after the expiration of their appointed term, and further that section 5 of the Public Officers Law does not *868 apply to the officers of a “ temporary” commission. No court precedent of the application of that statute to a similar situation has been found or called to the court’s attention.
The respondent presents a plausibly arguable point. However, the court does not agree with it. There is no question that the commission is a temporary one. It was created under chapter 989 of the Laws of 1958. Subdivision 1 of section 1 recites: “ There is hereby created a temporary state commission of investigation”. Subdivision 2 provides that the four original members of the commission shall be appointed “ each for five years ”. As for the duration of the commission, section 13 provides: “This act shall take effect May first, nineteen hundred fifty-eight and remain in effect until April thirtieth, nineteen hundred sixty-three ”.
It is not disputed that the four members of the commission originally appointed have not after April 30, 1963 been redesignated nor have successors to them been appointed. The reason or reasons why this has not been done, although puzzling to the public generally, are best known to the appointing powers. In any event, the four Commissioners have continued to this day to exercise the functions and powers under their original appointment.
The Legislature, by an enactment effective April 13, 1962, added the following sentence: “Their successors shall be appointed in like manner for terms of two years ” (L. 1962, ch. 478). By section 2 of chapter 478 of the Laws of 1962 (amdg. § 13 of ch. 989 of L. 1958) the duration of the commission was extended for two years. This section 13 was amended to read:
“ § 13. This act shall take effect May first, nineteen hundred fifty-eight and remain in effect until April thirtieth, nineteen hundred sixty-five.
“ § 3. This act shall take effect immediately.”
The commission by legislative enactment thereby and on April 13, 1962 became one extended to seven years’ duration from the date of its creation to April 30,1965.
It was and remains a temporary commission with temporary officers in contrast to a permanent commission with permanent officers. The distinction is elementary, for the meaning of the word “ temporary ” is “ continuing for a time only ” and of the word “ permanent ” “ lasting or intended to last indefinitely ” (New Century Dictionary).
Are the positions of these Commissioners because they are “ temporary ” State officers (there can be no question that they are State officers) not within the embrace of section 5 of the Public Officers Law as argued by respondent? That statute *869 reads: “ § 5. Holding over after expiration of term. Every officer except * * * [exceptions not applicable] shall, unless the office shall terminate or be abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified ”. (Italics supplied.)
This statute makes no differentiation between a so-called temporary State officer and a permanent State officer, nor does it exclude the former from its operation. It includes “ every officer ”. If the life of the commission and the term of the Commissioners were coterminous, necessarily the latter would have no legal footing to continue to act after the expiration of the life of the commission. That would have been the result here if the Legislature had not by the 1962 act extended the life of the commission to April 30, 1965. It should be noted that the extension was enacted not after but during the first span of the commission’s term. Therefore on April 30, 1963 what existed was a situation where the appointed term of its members had expired but the duration of the commission itself had not. No longer were both coterminous.
It is therefore a situation that clearly falls within the purview of the quoted Public Officers Law. The existence of the commission had not terminated nor been abolished. Only the appointive term of its members had expired. They were directed by command of the statute to hold over and continue to discharge the duties of their office. It states that under such circumstances as are here present they “ shall ” do so. The legislative purpose is almost self-evident. It intended to prevent a lapse, a halt in or disruption of essential governmental services when the term of the appointed officer expires and for whatever the reason may be he is not reappointed nor is a successor appointed.
It is true that the 1962 act has the addendum: “ Their successors shall be appointed in like manner for terms of two years ”. This does not mean, as is further contended by respondent’s attorney, that the Legislature intended to require for the extended two-year life of the commission as sine qua non that the Commissioners either be reappointed or that new Commissioners be appointed in the manner prescribed by the act. This addendum in the court’s opinion merely means that in the event successors are to be appointed (and the necessity for the appointment of successors can come about by reason not only of expiration of term of office but also because of death, resignation or removal from office) then they must be chosen in the same manner and with the same qualifications as the original appointees, i.e., no more than two of the same political *870 party, two to be designated by the Governor — one of these to be an attorney, one to be designated by the Temporary President of the Senate and one by the Speaker of the Assembly. However, where the term of office has expired — as it had here — - there is no legislative command requiring the reappointment or appointemnt of a successor to the office. In such an instance the failure of the appointing powers to act causes section 5 of the Public Officers Law to become operative and apply as it has in this case.
The members of the commission are not defunct officially; they have every right in law to continue to exercise the powers and discharge the duties of their office until April 30, 1965, unless their successors shall be chosen and qualify or the commission earlier terminate or be abolished.
The respondent’s application is accordingly denied in all respects.