Jacob J. Schwartzwald, J.
In this action instituted by the plaintiff seeking injunctive relief as well as damages against the defendants, the defendants move for a new trial upon the grounds that the trial court did not render its decision within the statutory period and that the determination made by the court did not constitute such a decision within the purview of section 440 of the Civil Practice Act, but an opinion advisory in nature.
The parties have stipulated that the determination to be made by this court shall be controlled by the provisions of the Civil Practice Act and not by the provisions of the Civil Practice Law and Buies.
The facts which are undisputed reveal that the action was tried by the court without a jury on parts of 13 days and finally completed on February 15, 1961. The attorneys were given until March 20,1961 to submit their briefs and findings of fact if they so desired. The defendants submitted such findings but the plaintiff refrained from so doing. Nothing further transpired in the action until July 2,1963 when the court issued the disputed decision which was published in the New York Law Journal on July 9, 1963, which determination was adverse to the defendants and in favor of the plaintiff. On July 12, 1963, three days after the decision appeared in the Law Journal, the defendants moved for the instant relief.
*958 The court has carefully perused the memorandum of the trial court and it is in full compliance with the provisions of section 440 of the Civil Practice Act. The court in its decision carefully and fully set forth the facts upon which the rights and liabilities of the parties depended. It discussed in great detail such facts and emphasized the liability of the defendants flowing from their unlawful acts and the resultant damages sustained by the plaintiff. The determination leaves no room for doubt as to how the court decided such issue and the basis for its conclusion (Metropolitan Life Ins. Co. v. Union Trust Co., 268 App. Div. 474, affd. 294 N. Y. 254). It is apparent that every fact has been set forth which the court deemed essential to the determination of the rights of the parties. This is borne out by the very failure of the defendants to raise any issue relating thereto. That the court directed the settling of ‘1 findings of fact, conclusions of law and judgment on notice ’ ’ does not vary the import, intent and efficacy of his decision, particularly in view of his request to the parties upon the completion of the trial to submit such findings and conclusions, which was complied with by one of the parties.
The court having rendered a decision in compliance with section 440 of the Civil Practice Act, the only remaining issue to be passed upon by this court is whether the defendants are entitled to the relief sought pursuant to section 442 of the Civil Practice Act.
Section 442 of the Civil Practice Act in substance provides that where a trial takes place before a court without a jury, it should render its decision within 60 days after the final adjournment of the term at which the trial took place. This portion of the section has been held to be mandatory and the court must render its decision within the prescribed period (Laverne, Inc. v. Littell, 14 A D 2d 261). Upon the failure of the court to do so, the section provides the parties with the relief of moving at Special Term for a new trial upon that ground and states the following: “If the decision has not been rendered when the motion is heard, the court must make an order for a new trial ’ ’. (Emphasis supplied.) The emphasized language apparently presupposes and establishes a condition precedent that the decision has not been rendered when the motion is initiated and heard. It naturally follows from a construction of the language used that if the decision has been rendered prior to the hearing of the motion the parties lose their right to seek such relief.
In any event, an inexcusable delay will deprive a party of the right to an absolute or conditional order and warrants an *959 unqualified denial of a new trial (Fleet v. Kalbfleisch, 43 Hun 443; Laverne, Inc. v. Littell, supra).
A party entitled to such relief should not abstain from making such an application and await a disposition of the matter and, if not favorable, move for such relief. To countenance and condone such conduct would be tantamount to a circumvention of the appellate procedure prescribed by our Practice Act. This the court will not permit. Accordingly, the motion is denied.