■ EMPIRE CRAFTS CORPORATION, Respondent, v. GRACE CHINA CO., INC., et al., Appellants.— In an action to recover damages for interference with the plaintiff's contractual rights, the defendants appeal from a judgment of the Supreme Court, Richmond County, made January 31, 1964 upon the written decision and opinion of the court after a nonjury trial, awarding $62,859.33 to the plaintiff. Judgment modified on the law and the facts as follows: (1) by striking out its third decretal paragraph directing recovery by plaintiff against defendants of the total sum of $62,859.33, which comprises the principal sum of $46,186.96, interest thereon of $16,142.37 for the period February 13, 1958 to December 10, 1963, and costs of $530; and (2) by substituting therefor a provision directing recovery by plaintiff against defendants of the principal sum of $17,535.99, with interest thereon of

$3,156.48 for the three-year period commencing January 1, 1961, plus $530 costs, making a total of $21,222.47; and directing execution therefor against defendants. As so modified, judgment affirmed, without costs. Finding of fact No. 16 to the effect that by reason of the conspiracy plaintiff sustained damage in recruiting and training new sales people; and finding of fact No. 17 to the effect that by reason of defendants' acts plaintiff sustained damages of $46,186.96, consisting of $30,434 for the cost of recruiting a sales force, $3,607.01 for the cost of rerecruiting some of plaintiff's personnel, and $12,145.95 for the loss of profits for the year 1958, are reversed. In lieu of said findings No. 16 and No. 17, a finding is made that by reason of defendants' acts the plaintiff sustained total damages of $17,535.99 for the three years 1958, 1959 and 1960; and that plaintiff is entitled to interest thereon of $3,156.48, computed at the rate of 6% per annum for the three-year period commencing January 1, 1961. In our opinion, the evidence warrants the conclusion that the defendants are severally liable for an unjustified interference with the plaintiff's contractual rights (*A. S. Rampell, Inc.*, v. *Hyster Co.*, 3 N Y 2d 369; *Coleman & Morris* v. *Pisciotta*, 279 App. Div. 656). We find that the evidence showed that the loss of profits sustained by the plaintiff due to the loss of the De Luca group was a total of $17,535.99 sustained over the years 1958, 1959 and 1960. The amount awarded as damages for recruiting and training fees actually represents the commissions paid on sales, and not damages, since such commissions would have been incurred even had there been no interference. The amount awarded as a rerecruiting fee is likewise a commission paid in the regular course of business, and not damages. There was no showing of a compensable profit made by Grace China Co. We also believe that interest should run from the date the total damages were sustained, namely, January 1, 1961. (For prior decisions in this action, see 40 Misc 2d 957, affd. 20 A D 2d 851.) Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.