Joseph A. Gavagan, J.
This is an article 78 proceeding, in the nature of mandamus, wherein the petitioner, as a citizen, taxpayer and resident of the City and State of New York, requests a judgment of this court directing the respondent, the Mayor of the City of New York, to forthwith fill judicial vacancies presently existing in the Family Court, Civil Court and Criminal Courts of the City of New York, pursuant to sections 13,15 and 21 of article VI of the New York State Constitution.
By cross motion, the respondent moves to dismiss the petition pursuant to CPLR 3211 (subd. [a]) on the grounds that the petitioner is without standing to maintain this proceeding and that, in any event, the petition fails to state a cause of action.
In addition to the afore-stated sections of the New York State Constitution, petitioner also relies on subdivision (2) of section 22 of the New York City Criminal Court Act which provides as follows: “ As vacancies in the office of judge occur, the mayor shall fill such vacancies by appointment.” Petitioner also relies upon chapter 694 of the Laws of 1962, described as “ an act to provide for the transfer of judges to the civil court of the city of New York, the number of judges of such court and the filling of vacancies ”. By section 3 of this act, it is further provided that “ A vacancy occurring otherwise than by the expiration of term in the office of judge of the civil court of the city of New York shall be filled by the mayor of the city of New York by an appointment which shall continue until and including the last day of December next after the election at which the vacancy shall be filled ”.
In substance, the petition alleges there are presently existing three vacancies in the Civil Court, one vacancy in the Family Court, and seven vacancies in the Criminal Court, all of which vacancies have existed since December 31, 1964, and most for a *443 longer period of time; that the Mayor has failed to fill these vacancies as provided by law; that the Mayor has the mandatory duty to fill forthwith those vacancies; and that the failure to fill such vacancies has “ resulted in disastrous delays and denials of justice to the citizenry of the City of New York ”.
At the outset, it is to be noted, the petitioner does not allege he is a person who is personally or directly aggrieved, nor does he allege any personal or property interest in the outcome of this proceeding. Consequently, the petitioner is without standing to maintain this proceeding since no actionable wrong has been alleged against him nor is he “ an aggrieved ” party who can maintain a proceeding under article 78. In Matter of United Press Assn. v. Valente (308 N. Y. 71, 84-85) the Court of Appeals, in discussing the distinction between a right common to the general public, and the rights of individual members of the public stated: “ In any event, even if the statute were to be interpreted as granting the public a right distinct from that given to the defendant, it is at most a right conferred on the public at large and not on any individual member thereof. (See State v. Copp, 15 N. H. 212, 215; cf. Frothingham v. Mellon, 262 U. S. 447, 487.) Petitioners quite obviously have no personal or property rights which could be affected by this proceeding. Their only interest in the ease is that which is common to the public as a whole, rather than the individual interest which is requisite for standing in court. (See Morrell v. Brooklyn Borough Gas Co., 231 N. Y. 405, 408-409; Schieffelin v. Komfort, 212 N. Y. 520, 530; People v. Fisher, 209 N. Y. 392, 394; Roosevelt v. Draper, 23 N. Y. 318, 323.) ”
Obviously, the petitioner does not come within any of the judicially recognized exceptions to the general rule that “ only aggrieved ” parties may maintain article 78 proceedings, viz: matters involving civil service, election law, and maintenance of common-law nuisances on public highways. (See Matter of Giminera v. Sahm, 4 N Y 2d 400; Matter of Personal Finance Co. v. Lyon, 203 Misc. 710.)
In Matter of Personal Finance Co. v. Lyon (supra, p. 715) the law is very succinctly stated by Mr. Justice Boteiu, as follows: “ Petitioners’ position as ‘ citizens ’ is no stronger than the one they occupy as ‘ taxpayers ’. Persuasive authority will be found in Matter of J. D. L. Corp. v. Bruckman (173 Misc. 3), for the proposition that corporations — and petitioners are such — are not ‘ citizens ’ within the scope of that term for purposes of defining those who may sue on behalf of the general weal. Moreover, not every citizen may play the role of private prosecutor whenever he believes some officer has exceeded or *444 failed to perforin Ms proper executive functions. Some of the appropriate areas for a ‘ citizen’s ’ action were recently surveyed by the Appellate Division, First Department, in Matter of United Press Assns. v. Valente (281 App. Div. 395, 400): ‘ Members of the public have, it is true, a right to apply to the courts to compel observance of the election laws (Matter of McCabe v. Voorhis, 243 N. Y. 401; People ex rel. Daley v. Rice, 129 N. Y. 449), and to require observance of the civil service laws in the selection of public officers or employees (Matter of Cash v. Bates, 301 N. Y. 258; Matter of Andresen v. Rice, 277 N. Y. 271).’ Similarly, such an action will lie to secure the abatement of a nuisance in the public streets (People ex rel. Pumpyansky v. Keating, 168 N. Y. 390; Huff v. City of New York, 202 App. Div. 425; see, also, Southern Leasing Co. v. Ludwig, 217 N. Y. 100). The integrating rationale of these lines of cases is that the ‘ citizen ’ is 1 seeking to enforce a right in which the general public is interested ’ (People ex rel. Pumpyansky v. Keating, supra, p. 393).” Manifestly, the instant proceeding does not involve any of the exceptions enumerated in the Matter of Personal Finance Co. v. Lyon case, (supra) such as civil service, election law or common-law nuisances on public highways.
Moreover, mandamus is an extraordinary remedy and the judiciary is loath to interfere with the executive branch of the government in the exercise of its official duties unless some specific act or thing which the law requires be done has been omitted (Matter of International Ry. Co. v. Schwab, 203 App. Div. 68; Matter of Walsh v. La Guardia, 269 N. Y. 437). In Matter of Walsh (supra) the Court of Appeals rejected an application for a mandamus order compelling the Mayor and the Police Commissioner to “perform their duty ” that is, to stop busses from operating over various routes. The court stated the following (p. 441): “In other words, the order of mandamus which, as we all know, means the command to do a specific thing or suffer the consequences of contempt proceedings, is not the method provided by the law for reaching the present situation regarding these bus lines. Mandamus is used to enforce an administrative act positively required to be done by a provision of law.”
In the case of Matter of International Ry. Co. v. Schwab, (supra) the court’s statement is particularly controlling here. It stated (p. 74): “ Mandamus is an extraordinary remedy and the judiciary is loath to interfere with the executive department of the government in the exercise of its official duties, unless some specific act or thing which the law requires to be done has been omitted. * * * ‘ The interference of the Supreme *445 Court with the details of municipal administration is not to be encouraged. These details are entrusted by the people to officers chosen directly or indirectly by themselves. These officers are criminally responsible for a willful neglect of their duties, and upon them the responsibility for the government of our cities should usually be allowed to rest. The Supreme Court is not so organized as to enable it conveniently to assume a general supervisory power over their acts; and, indeed, such an assumption by it would be contrary to the whole spirit and intent of our government. ’ ’ ’
Accordingly, in light of the authorities hereinbefore cited, I am of the ultimate conclusion that the petitioner herein lacks the legal capacity to maintain this article 78 proceeding because he clearly has no personal or property interest in the performance of executive acts of the Mayor, which he seeks to compel.
The word “ shall ” as used in the New York State Constitution (art. VI, §§ 13, 15 and 21) is directory rather than mandatory. A study of the pertinent provisions of the State Constitution discloses that it was never intended that the word “shall” should be construed as a mandatory direction to the Mayor to forthwith fill vacancies as they occur in the Family, Civil and Criminal Courts. It is merely directory and the Constitution does not contain any specific time limit for the filling of judicial vacancies after they occur (People ex rel. Huff v. Graves, 277 N. Y. 115; Matter of Brenner v. Bruckman, 253 App. Div. 607, app. dsmd. 278 N. Y. 503; People v. Karr, 240 N. Y. 348; Matter of Hennessy, 164 N. Y. 393; Matter of Rochester Gas & Elec. Corp. v. Maltbie, 272 App. Div. 162; Fallon v. Hattemer, 229 App. Div. 397; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §§ 172, 177).
In Matter of Brenner (supra) the Appellate Division, in considering section 120 of the Alcoholic Beverage Control Law, which provided that a decision shall be rendered within 30 days after the submission or hearing, stated as follows (p. 610): ‘1 Such a provision is designed to induce a prompt disposition; it is not mandatory but merely directory, and a decision may be compelled after the expiration of thirty days. The State Liquor Authority after such lapse of time is not precluded from thereafter making its determination to revoke a license after a hearing on charges. A provision in a statute which directs an act to be performed by a public officer or body within a certain time is usually given ‘ for the purpose of securing system, uniformity, and dispatch in the conduct of the public business, rather than for the purpose of making the rights of *446 persons dependent on the doing of the act at the specified time. * * * Especially is this so when the acts are to be done for the benefit of the public, or where there are no negative words in the statute forbidding the acts to be done at any other time. ’ (McKinney’s Consolidated Laws of New York, book 1, Statutes and Statutory Construction, § 7.) In Fallon v. Hattemer (229 App. Div. 397) the court, quoting from another case, stated the rule as follows: ‘“The general rule most certainly is, that where a statute directs a public officer to do a thing within a certain time, without any negative words restraining him from doing it afterwards, the naming of the time will be regarded as merely directory, and not as a limitation upon his authority. ” ’ ”
The few vacancies presently existing in the courts, enumerated by petitioner, to which the Mayor has the power of appointment, hardly support petitioner’s charge that “ justice to the citizenry ” is being denied. In People ex rel. Judge v. Hylan (200 App. Div. 430, 432) the court stated: “The court should not, unless required by exigency of public safety or other compelling consideration, interfere in details of the exercise of the executive power by the mayor of the city of New York.”
And in Matter of Katkowski v. La Guardia (174 Misc. 886, 887) the court stated: “ The petition must be dismissed because there is no showing that urgent considerations of public convenience or of an impelling nature require judicial intervention. This rule was succinctly stated in People ex rel. Judge v. Hylan (200 App. Div. 430), where the court said (p. 432): ‘ The court should not, unless required by exigency of public safety or other compelling consideration, interfere in details of the exercise of the executive power of the mayor of the city of New York.’ Moreover the language of section 145 of the Municipal Court Code cannot be construed as a mandate for the mayor to appoint a city marshal whenever an incumbent’s term of office expires. Section 145 does not provide for the number of marshals that should be appointed, but leaves this to the discretion of the mayor, subject only to the limitation that not more than eighty-three should be appointed. The use of the language ‘ shall appoint ’ need not necessarily be construed as ‘ must appoint. ’ (Tonkin v. Leary, 234 App. Div. 448; affd., 259 N. Y. 510; Munro v. State of New York, 223 id. 208).”
Accordingly, petitioner has failed to show a clear legal right to the relief which he seeks and, furthermore, the petitioner fails to state a cause of action. As to the requested relief regarding the vacancy in the Family Court, it is to be noted that upon the argument of this application, the court was *447 apprised that respondent recently filled that position. Accordingly, the application in that respect is denied as moot.
The application is in all other respects denied and the petition dismissed.