John J. Dillon, J.
This action which is primarily for an accounting was tried before the court without a jury on Janu *966 ary 30, 1967. Briefs were submitted on February 15, 1967. On May 8,1967, the Trial Judge published his opinion awarding the plaintiff judgment for $823 on the accounting and for an additional $4,500 for malicious destruction of the plaintiff’s property. A counterclaim was dismissed.
The unsuccessful defendant now moves under CPLR 4213 (subd. [c]) for a new trial on the ground that the decision was not rendered within 60 days after submission. The actual elapsed time was some 82 days. The decision was a lengthy one and shows on its face how numerous were the issues which had to be-determined by the Trial Judge. This decision was the culmination of a long history of litigation between the parties which has been occupying the time and attention of the courts in this county for the past six years. It would be absurd to reopen this vexing litigation merely because the Trial Judge took slightly longer than the statutory 60 days to resolve the numerous issues.
The defendant argues that the statute is mandatory, and calls attention to Laverne, Inc. v. Littell (14 A D 2d 261). That case was decided under section 442 of the Civil Practice Act, which provided that the decision in a non jury case “ must ” be rendered within 60 days. As the provision has been rewritten in CPLR 4213 (subd. [c]) “must” has been changed to “shall.” The word “shall” is not always mandatory and may be merely directive (Munroe v. State of New York, 223 N. Y. 208, 214; Matter of Dr. Bloom Dentist, Inc. v. Cruise, 259 N. Y. 358, 364; Matter of Blaikie v. Wagner, 46 Misc 2d 441, 445). But this question should not be one of mere semantics. Under the prevailing conditions of overcrowded calendars and understaffed courts it could be disastrous to hold that every disappointed litigant may have a second trial merely because the Trial Judge fails due to the pressure of his caseload to hand down a decision within 60 days. The purpose of CPLR 4213 (subd. [c]) is to give a remedy to the litigant whose case has not been decided. This was the situation in the Láveme case and in Hodecker v. Hodecker (39 App. Div. 353). In both of those eases, and in spite of the court’s pronouncement that the 60-day limit was mandatory, it was conceded that the Special Term could allow “an additional specified time” (Láveme) or “ a reasonable time ” (Hodecker) for the decision to be made. Where, as in the present case, the decision antedated the motion there is no intelligent basis for granting a new trial (Empire Crafts Corp. v. Grace China Co., 40 Misc 2d 957, affd. 20 A D 2d 851). The motion is denied.