*244 OPINION OF THE COURT
Edward J. Greenfield, J.
In this CPLR article 78 proceeding, the individual petitioners, all of whom are city marshals whose terms of office have expired and who received written notices from the Mayor purporting to terminate their respective offices as of July 14, 1978, seek a declaration that the notices are null and void and further seek to enjoin the enforcement of the purported termination of their offices.
The city marshal system has existed for over 300 years. Whether one believes, as does Mayor Koch, that the system is an anachronism which should be abolished or concurs with the recommendation of a report issued during Mayor Wagner’s administration favoring retention of the system, is not the issue in this proceeding, as only the Legislature can abolish the office of the city marshal. Accordingly, the parties’ arguments concerning the relative merits of the system need not concern the court. Rather, the issue to be determined by the court is whether the Mayor, who has stated publicly that he will not appoint any city marshals while he is Mayor, has the power to terminate city marshals whose terms have expired. Petitioners contend and the court agrees that the purported notices of termination are null and void as a matter of law.
The relevant statutes are section 1601 of the CCA and section 5 of the Public Officers Law, which provide:
"No more than eighty-three city marshals shall be appointed by the mayor. Upon the expiration of the terms of office of the duly appointed incumbents the mayor shall appoint their successors for terms of six years. Every marshal shall be, at the time of his appointment and during his term of office, a resident of the city of New York, and his removal from the city shall vacate his office. If a vacancy in the office of a marshal shall occur otherwise than by the expiration of a term the person appointed by the mayor to fill such vacancy shall hold office for the unexpired term of the marshal who he succeeds.” (CCA, § 1601.)
"Every officer except a judicial officer, a notary public, a commissioner of deeds and an officer whose term is fixed by the constitution, having duly entered on the duties of his office, shall, unless the office shall terminate or be abolished, hold over and continue to discharge the duties of his office, *245 after the expiration of the term for which he shall have been chosen until his successor shall be chosen and qualified; but after the expiration of such term, the office shall be deemed vacant for the purpose of choosing his successor. An officer so holding over for one or more entire terms, shall, for the purpose of choosing his successor, be regarded as having been newly chosen for such terms. An appointment for a term shortened by reason of a predecessor holding over, shall be for the residue of the term only.” (Public Officers Law, § 5.)
Pursuant to section 1601, the Mayor is vested with the power to appoint no more than 83 city marshals and to appoint successors upon the expiration of their terms. Although petitioners contend that the use of the word "shall” in the statute requires the Mayor to appoint 83 marshals and to appoint successors, this construction was specifically rejected in Matter of Katkowski v La Guardia (174 Misc 886).
In Matter of Katkowski v La Guardia (a taxpayer proceeding brought to compel the then Mayor to appoint successors to fill the offices of 48 city marshals whose terms had expired), the court held that the Mayor could not be compelled to appoint successors for the offices of city marshals whose terms had expired, stating that (p 887): "[T]he language of section 145 of the Municipal Court Code ([now CCA, § 1601]) cannot be construed as a mandate for the mayor to appoint a city marshal whenever an incumbent’s term of office expires. Section 145 does not provide for the number of marshals that should be appointed, but leaves this to the discretion of the mayor, subject only to the limitation that not more than eighty-three should be appointed. The use of the language 'shall appoint’ need not necessarily be construed as 'must appoint’. (Tonkin v. Leary, 234 App. Div. 448; affd., 259 N. Y. 510; Munro v. State of New York, 223 id. 208.)”
However, the fact that the Mayor is not required to appoint successors does not mean that the Mayor has the power to terminate a marshal whose term has expired, since under section 5 of the Public Officers Law, every public officer (with exceptions not relevant here) shall continue to discharge his duties (i.e., holdover) until his successor is chosen and qualified.
The city’s contention that section 5 is inapplicable to city marshals cannot withstand close scrutiny and the argument itself is internally inconsistent. In the first place, in Matter of Katkowski v La Guardia (174 Misc 886, supra), relied on by *246 respondent, Mayor La Guardia took the position that the marshals whose terms had expired were lawful holdovers under section 5 of the Public Officers Law. Although the court in Katkowski did not consider or pass on this contention, the position of Mayor La Guardia and former Mayors is relevant in construing the applicability of section 5. As stated by the Supreme Court in du Pont de Nemours & Co. v Collins (432 US 46, 54-55): "A reviewing court is * * * guided by the 'venerable principle that the construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong’ ”.
 In the case at bar, were the court to disregard the construction of the statute by prior Mayors, the court would, in effect, be declaring all actions taken by marshals whose terms had expired to be without legal authority, since section 5 of the Public Officers Law is the only statute setting forth a legal basis for a public officer to hold over. Either section 5 is applicable or it is not. If it is applicable, a city marshal holds over until his successor is appointed and qualifies.
The Mayor’s contention that he can terminate holdover is thus internally inconsistent. In arguing that he can terminate holdovers, the Mayor, in effect concedes that a city marshal does hold over until so terminated; however, as noted above, the only legal basis for holdover status is section 5 and if the section is applicable, the holdover continues in office until his successor is appointed and qualified.
None of the arguments advanced by the Mayor in support of the contention that section 5 is inapplicable withstand close analysis.
The contention that section 5 is inapplicable because there is no duty to appoint a successor is clearly without merit. This argument was specifically rejected by the First Department in Matter of Commission of Investigation of State of N. Y. v Calise (40 Misc 2d 867, affd 19 AD2d 947).*
Respondent’s argument that city marshals do not occupy separate offices and that accordingly they are not entitled to holdover is equally specious and has no basis in fact. It is not *247 disputed that each marshal’s office is identified by a specific badge number. Moreover, under section 1601 of the CCA a successor is appointed for a six-year term, less the interim period served by reason of his predecessor’s holding over. Thus a successor must be appointed to a specific office. In addition, if a vacancy is created during a marshal’s term, the statute provides for an interim appointment for the remainder of the term. Thus, each city marshal must be deemed to occupy a separate and distinct office. As the office of any particular marshal can be identified, Matter of Foley v McNab (42 Misc 2d 460), relied on by respondent, is inapplicable. In Foley, the court held that where the vacant office cannot be identified with a particular incumbent, it cannot be said that any of the incumbents are entitled to holdover. In Foley, which involved the office of councilman, there was no ward system, but three council positions which were up for election and no candidate was running to fill any particular vacancy. Thus, when one of the three elected councilmen was declared ineligible, the court held that none of the three incumbents could hold over. The situation in the case at bar is clearly distinguishable.
As the court has found section 5 of the Public Officers Law to be applicable, petitioners are entitled to hold over in office until a successor is appointed and qualifies. No statutory basis exists which would permit the Mayor to terminate the holdovers by means of a notice and, accordingly, the petition is in all respects granted.

 To the extent that Mr. Justice Hughes in Janof v Koch reached a contrary conclusion in denying a petition brought by a city marshal based on the same facts, this court must respectfully disagree. The case is presently on appeal and moreover, in adopting the city’s argument in this regard, it appears that Matter of Commission of Investigation of State of N. Y. v Calise (supra) was not brought to the court’s attention.