■ In the Matter of JEROME JANOF, Appellant, v EDWARD I. KOCH, as Mayor of the City of New York, et al., Respondents. MELVIN M. MOSES et al., Individually and as City Marshals, et al., Respondents, v EDWARD I. KOCH, as Mayor of the City of New York, Appellant.—Judgment, Supreme Court, New York County, entered July 31, 1978, denying petitioner Jerome Janof's application for a judgment restraining respondents from removing petitioner from his office as a New York City Marshal is unanimously reversed, on the law, without costs and without disbursements, and the petition is granted. Judgment, Supreme Court, New York County, entered November 13, 1978, granting the application of petitioner Melvin Moses and six other New York City Marshals to void the notices of the Mayor of the City of New York which purport to terminate their respective offices as of July 14, 1978, is unanimously affirmed, without costs and without disbursements. Deciding that the office of City Marshal is an unnecessary office, the Mayor of the City of New York has indicated that he will appoint no new marshals and will terminate those whose terms have expired. The power to appoint is vested in the Mayor by CCA 1601 which reads in pertinent part "No more than eighty-three city marshals shall be appointed by the mayor. Upon the expiration of the terms of office of the duly appointed incumbents the mayor shall appoint their successors for terms of six years." The statute is clear that the Mayor may appoint no more than 83 marshals; however, the respondents choose to interpret this section as a discretionary one giving the Mayor the power to both appoint and to terminate by not reappointing the incumbents. It is well established that the Mayor cannot be forced to appoint successors, but that does not mean that he has the power to terminate a marshal whose term has expired. Section 5 of the Public Officers Law permits every public officer (with certain exceptions not perti-

nent here) to hold over until his successor is chosen and qualified. Section 5 reads that: "Every officer except a judicial officer, a notary public, a commissioner of deeds and an officer whose term is fixed by the constitution, having duly entered on the duties of his office, shall, unless the office shall terminate or be abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified; but after the expiration of such term, the office shall be deemed vacant for the purpose of choosing his successor. An officer so holding over for one or more entire terms, shall, for the purpose of choosing his successor, be regarded as having been newly chosen for such terms. An appointment for a term shortened by reason of a predecessor holding over, shall be for the residue of the term only." The respondent's contention that section 5 does not apply to City Marshals is contrary to the clear language and intent of the statute. The statute does make exceptions of certain officers, but not of City Marshals. The legislative purpose of the statute is almost self-evident. It intended to prevent a lapse in or disruption of essential government services when the term of the appointed officer expires and, for whatever reason, the incumbent is not reappointed or a successor appointed. In this way the services provided by the office continue without interruption. As honorable as the Mayor's intentions may be in attempting gradually to eliminate a public office whose functions may have become vestigial, he may not achieve by executive action what the Legislature has refused to decree, namely, the elimination of the office of City Marshal. Concur—Birns, J. P., Silverman, Evans, Fein and Markewich, JJ. [97 Misc 2d 243.]