OPINION OF THE COURT
John R. Tenney, J.
Petitioner, Louis La Polla, was elected Mayor of Utica for a two-year term commencing January 1, 1984. During December, 1983, the losing Mayor made six appointments to various posts in city government. All the appointments were made to positions whose terms were to expire on December 31, 1983.
Petitioner brings this proceeding under CPLR article 78 seeking the removal of those individuals from office. This is not a proper proceeding under article 78 because the actual relief sought is a determination of who has the power to appoint the various officers. Since this is in the nature of an action for a declaratory judgment, it will be treated as such. (CPLR 103, subd [c].)
The power of appointment is vested in the appointing power in office when the vacancy occurs. (Matter of Fauci v Lee, 38 Misc 2d 564, 567.) In this case, the “lame-duck” Mayor has attempted to make an appointment to an office in anticipation of a vacancy which will not actually occur until his term has expired. This cannot be done because he will lack the power to make the appointment when the vacancy occurs. (People v Fitzgerald, 180 NY 269, 274.) Upon expiration of his term of office, all appointing power *789 ceases. He cannot circumvent this principle by attempting to appoint before the new term commences while he is still in office.
Since he was in office when he made the appointments, they were validly made, but only for the unexpired term, which ended December 31, 1983. The individuals named, however, may continue to serve as “holdovers” until their successors are appointed. (Public Officers Law, § 5.) They continue as holdovers to “prevent a lapse in or disruption of essential governmental services”. (Matter of Janof v Koch, 67 AD2d 862, 863.)
De Salvatore was originally appointed to complete the term of Frederick Alsante which expired December 31, 1978. He was then “reappointed” on January 5,1979, for a term to expire on December 31, 1983. Thus, he argues, he was not reappointed for the five-year term, and his term did not expire until January 5, 1984.
Since this appointment was invalid, he argues he has continued to be a holdover. There is no merit to this argument. His appointment in January, 1979 could only be to fill out the unexpired term. (Public Officers Law, § 5.) Thus, his term expired on December 31, 1983, and he is now acting as a holdover until his successor is appointed.
In conclusion, the appointments made by the former Mayor are validly made because they were made before his term expired. However, since his term and the term of each appointment expired simultaneously on December 31, 1983, he has no power to reappoint for a new term. Nevertheless, the individuals, having been properly appointed in the first place, shall continue to hold office even though their term has legally expired, until their successors are appointed.