OPINION OF THE COURT
Ronald J. McGaw, J.
This matter arises as a result of a nonjury trial that was held in this court in June of 1995. The court did not render its decision and judgment, however, until January 2, 1996. Plaintiff, who was the losing party at trial, now moves to have the decision vacated pursuant to UCCA 1304. Defendant, the *90 victor in the underlying action, did not file answering affidavits.
UCCA 1304 states as follows: "If a jury trial is not demanded * * * the court must render judgment within thirty days * * * except when further time is given by the consent of the parties. If no decision is rendered within the time thus limited, the case shall be placed upon such calendar as may be provided by rule.”
In support of his motion, plaintiff cites Nelson v Di Lallo (54 Misc 2d 133, 134 [App Term, 2d Dept 1967]) which held that "in the absence of any showing of consent of the parties, the court was without jurisdiction to render decision herein after 30 days from the time when the case was submitted (UCCA, § 1304), and the judgment entered thereon was a nullity”. (Emphasis added.)
UCCA 1304 does not, by its language, state that the provision is jurisdictional, the holding in Nelson (supra) notwithstanding. Indeed, it is long-established "familiar law that jurisdiction of the subject-matter of the action cannot be conferred by acquiescence or even by consent of the parties”. (See, e.g., City Trust Co. v Picci Realty Co., 137 Misc 128, 129 [NY City Ct, Kings County 1930].) UCCA 1304, however, states that "further time” may be given by "consent of the parties”. Therefore, in that subject matter jurisdiction cannot be conferred by consent, it is the opinion of this court that UCCA 1304 does not relate to subject matter jurisdiction. If the provision relates to jurisdiction at all, it must relate only to personal jurisdiction, which is not lacking in the case at bar.
Similar in nature to UCCA 1304 is CPLR 4213 (c) which states: "The decision of the court shall be rendered within sixty days after the cause or matter is finally submitted * * * unless the parties agree to extend the time.”
The practice commentaries to CPLR 4213 (c) state that, in the opinion of the writer, the provision "is not jurisdictional. A decision rendered after the 60 days is perfectly valid. The provision is precatory only.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4213:4, at 337.) This court is inclined to agree with the writer of the practice commentaries.
Subject matter jurisdiction is a creation of statute. Therefore, a statute could limit subject matter jurisdiction by specifically stating that, unless a court’s decision is rendered within a given time, the action must be dismissed and a new trial held *91 (or words to that effect). In this regard, the court in Nelson (supra) cites two cases for its conclusion that UCCA 1304 is jurisdictional. Both cases, however, are distinguishable from the case at bar.
The first case cited in Nelson (supra) is Patrzykowski v Mursten (250 App Div 355 [4th Dept 1937]). This case was based on a Buffalo City Court Act provision which specifically provided that, " 'Failure of the court to render a decision in any case within said three months’ period shall create a mistrial of the action and necessitate a new trial thereof.’ ” (Supra, at 357.) The second cited case, Smith v Weitz (14 Misc 2d 519 [Westchester County Ct 1958]), was based on a City of Peek-skill charter which specifically provided that, upon the failure of a court to render its decision within 20 days, either party could again notice the action for trial and a new trial would be held.
By contrast, UCCA 1304 does not specifically provide that an action must be dismissed and a new trial granted if a court fails to render its decision within the prescribed time limit. Rather, the last provision of UCCA 1304 states only that, "If no decision is rendered within the time thus limited, the case shall be placed upon such calendar as may be provided by rule.” (Emphasis added.) The purpose of placing the case on the calendar is not specifically stated. It is conceivable, for example, that the last provision of UCCA 1304 could simply be meant to afford the parties a definite opportunity to inquire before the court as to the status of the pending decision.
Even if the last provision of UCCA 1304 were deemed to be a reference to placing the case on the calendar for purposes of commencing a new trial, the provision’s use of the word "shall” makes the provision merely directive and not mandatory. (Kessler v Hunter, 53 Misc 2d 965, 966 [Sup Ct, Westchester County 1967], citing Munro v State of New York, 223 NY 208, 214; Matter of Dr. Bloom Dentist v Cruise, 259 NY 358, 364; Matter of Blaikie v Wagner, 46 Misc 2d 441, 445.) For the above reasons, therefore, it is the opinion of this court that a new trial is not required by UCCA 1304.
In the case at bar, a judgment for the defendant was entered after a nonjury trial. Plaintiff did not complain about the delay in the court’s rendering of its decision until after the plaintiff had learned he had lost. Plaintiff should not now be heard to complain of the delay, nor be allowed to seek a new trial purely on a supposed technical ground.
Furthermore, under the prevailing conditions of overcrowded calendars and understaffed courts, it could be disastrous to *92 hold that every disappointed litigant may have a second trial merely because the Trial Judge fails, due to the pressure of his caseload, to hand down the decision within a prescribed time limit. (See, Kessler v Hunter, supra, at 966.)
Plaintiffs motion is denied.