OPINION OF THE COURT
Memorandum.
Judgment in favor of plaintiff Murov (action No. 1) unanimously modified by reducing the amount awarded plaintiff to the principal sum of $777.56; as so modified, affirmed without costs.
Judgment in favor of defendant Murov (action No. 2) unanimously affirmed without costs.
Plaintiff Charles Murov commenced a small claims action against defendant Ronald Celentano (action No. 1) alleging that *3 Celentano had performed faulty home contracting work at the Murov residence and seeking the cost to repair the work. R. Celentano, Inc. commenced a commercial claims action (action No. 2) alleging Murov had failed to pay the amount due for the work. Murov interposed a counterclaim in this action. The actions were tried together, and the court entered judgments in favor of Murov in each action.
The lower court’s findings in favor of Murov were proper. This case presents issues of credibility. Such issues are to be resolved by the trier of fact, who saw and heard the witnesses, and will not be disturbed on appeal if it is supported by a fair interpretation of the evidence (Jones v Hart, 233 AD2d 297 [1996]). Here, the court, which had documentary and photographic evidence as well as the testimony of the parties before it, made a determination, based upon that evidence, that plaintiff Murov should recover for certain items, and that R. Celentano, Inc. was not entitled to recovery. This represents a fair interpretation of the evidence (see generally Schiffman v Deluxe Caterers of Shelter Rock, 100 AD2d 846 [1984]).
However, the court’s award included two items, repair of sprinklers ($240) and rebuilding a shoe rack ($600) for which damages were not sufficiently established pursuant to UCCA 1804, as only one estimate, with no further evidentiary support, was submitted (Borman v Purvis, 299 AD2d 615 [2002]; Devivo v Actuarial Ideas, 2003 NY Slip Op 51210[U] [App Term, 9th & 10th Jud Dists]). Celentano’s various procedural and evidentiary complaints are meritless. UCCA 1804 and 1804-A provide for a simplified procedure not bound by the rules of evidence or court procedure (with certain exceptions not relevant here) (see Buonomo v Stalker, 40 AD2d 733 [1972]). While cross-examination of adverse witnesses is a matter of right in any trial of a disputed issue of fact (Graves v American Express, 175 Misc 2d 285 [App Term, 2d Dept 1997]), Celentano has not shown that he was deprived of any opportunity to cross-examine either Charles Murov or Tracy Murov. To the contrary, the record reflects that both he and his attorney were active participants in the questioning.
Contrary to Celentano’s contention, Murov was not required to produce an expert where, as here, the defective nature of the work is apparent to the nonexpert observer and where estimates and/or actual costs of repairs are provided (UCCA 1804, 1804-A; see Rasulo v Goodman, 2002 NY Slip Op 40166[U] [App Term, 9th & 10th Jud Dists]). Indeed, itemized *4 paid bills are deemed by UCCA 1804 and 1804-A to be “prima facie evidence of the reasonable value and necessity of such services and repairs.”
Nor is there merit to Celentano’s contention that his motion (apparently made orally and off the record) to substitute the corporate defendant for himself personally in action No. 1 was improperly denied. The evidence established that he kept records different in form and separate from the corporate books for the Murov job and that he was paid in checks made out to “cash,” not to R. Celentano, Inc. There is no evidence, beyond the bills produced on R. Celentano, Inc. letterhead after the dispute began, that the corporate entity was involved in the subject construction at all.
Finally, as to Celentano’s argument that the judgments were not timely rendered, UCCA 1304, providing for a 30-day period in which the judgment is to be rendered, governs the city courts. This provision, like its counterpart, CPLR 4213 (c), is precatory, not jurisdictional (see Kessler v Hunter, 53 Misc 2d 965 [Sup Ct, Westchester County 1967]), and the right to a new trial is waived if not requested prior to issuance of a decision (Powell v Mountainside Agency, 171 Misc 2d 89 [Poughkeepsie City Ct 1996], affd 173 Misc 2d 672 [App Term, 2d Dept 1997]; see also Siegel, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, UCCA 1304, 2004 Pocket Part, at 209).
Doyle, P.J., Rudolph and Skelos, JJ., concur.