Joseph Gibbone, Appellant,
against
Consolidated Edison Co. Of New York, Respondent.



Appeal from a judgment of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered June 17, 2014. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover for damage to the sewer pipe on his property allegedly caused by defendant's negligence. Following a nonjury trial, the Civil Court found in favor of defendant and dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Here, plaintiff failed to prove that the damage to his sewer pipe was caused by any work that had been performed by defendant. Even in a small claims action, a plaintiff is required to produce an expert to prove causation when it is not apparent to a non-expert observer (see Milliner v Shahar, 45 Misc 3d 133[A], 2014 NY Slip Op 51668[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Murov v Celentano, 3 Misc 3d 1 [App Term, 2d Dept, 9th & 10th Jud Dists 2003]). Plaintiff presented no expert testimony in support of his claim that the work that had been performed by defendant contributed to his sewer pipe damage.
Plaintiff's remaining contentions lack merit.
Accordingly, the judgment is affirmed.
Weston, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: March 18, 2016